UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>VERSACOM, LLC; MUHAMMAD AL-AMIN, Individually; AFREEN AL-AMIN, Individually<br>Defendants. | § § § § § § § § § § § § § § CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

COMES NOW TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, (collectively "Plaintiffs"), individually and on behalf of members of the public similarly situated, and asserts claims against defendants Versacom, LLC ("Versacom"), Muhammad Al-amin ("Al-amin"), Individually, and Afreen Al-amin ("Afreen"), Individually (hereinafter collectively "Defendants"), and for cause of action would show the Court as follows:

### I.   INTRODUCTION

1. This is a collective action suit to recover unpaid wages and overtime pay brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

2. Pursuant to 29 U.S.C. § 216(b), this action seeks equitable relief, compensatory, and liquidated damages, attorneys' fees, taxable costs of Court, and post-judgment interest based upon Defendants' willful failure to pay Plaintiffs for hours worked and (b) failing to pay Plaintiffs overtime for hours worked in excess of forty hours while in the course and scope of employment with Defendant Versacom.

3. This action is authorized and instituted pursuant to the FLSA and the laws of

the State of Texas.

4. Plaintiffs bring a collective action to recover the unpaid wages owed to them and all other similarly situated current and former employees of Defendants throughout Texas. Members of the Collective Action are hereinafter referred to as "Class Members."

## II.     SUBJECT MATTER JURISDICTION AND VENUE

5. This is a class action brought pursuant to Federal Rule of Civil Procedure ("FRCP") 23.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 in that it arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

7. Venue is proper in this Court because Plaintiffs and, upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this district and the acts or omissions alleged herein took place in the district.

## III.     COVERAGE

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiffs were an individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## IV. PARTIES AND PERSONAL JURISDICTION

12. Each and every allegation contained in the forgoing paragraphs is re-alleged as if fully rewritten herein.

13. Plaintiff Tommy Nguyen is, and at all times mentioned in this complaint was, an individual residing in Tarrant County, Texas. Plaintiff s written consent to this action is attached to this Complaint as Exhibit "A."

14. Plaintiff Paulus Niekdam is, and at all times mentioned in this complaint was, an individual residing in Travis County, Texas. Plaintiff s written consent to this action is attached to this Complaint as Exhibit "B."

15. Plaintiff Loc Tran is, and at all times mentioned in this complaint was, an individual residing in Tarrant County, Texas. Plaintiff s written consent to this action is attached to this Complaint as Exhibit "C."

16. The Class Members are all current and former Field Wireless Technicians employed by Defendants at any time during the three year period prior to the filing of this Complaint to the present.

17. Defendant Versacom is a foreign limited liability company, licensed to do business in the State of Texas and doing business in the State of Texas for the purpose of accumulating monetary profit. On information and belief, Plaintiffs allege that at all relevant times referenced herein Defendant did and continues to transact business in Texas, with a business address, principal place of business and headquarters at 8111 LBJ Freeway, Suite 1500, Dallas, TX 75251. As a result, Defendant Versacom, LLC is a Texas resident. This Defendant may be served process through its registered agent: Afreen Al-Amin at 811 LBJ

Freeway, Suite 1500, Dallas, Texas 75251, or anywhere else she may be found.

18. Defendant Muhammad Al-amin is an individual residing in Texas and may be served with process at his place of business: 8111 Lyndon B Johnson Fwy, Suite 1500, Dallas, Texas 75251, or anywhere else he may be found.

19. Defendant Afreen Al-Amin is an individual residing in Texas and may be served with process at her place of business: 8111 Lyndon B Johnson Fwy, Suite 1500, Dallas, Texas 75251, or anywhere else she may be found.

20. Whenever in this complaint reference is made to any act, deed, conduct of Versacom, the allegation means that Versacom engaged in the act, deed, or conduct by or through one or more of its officers, directors, vice-principals, agents, servants, employees, or representatives, who was actively engaged in the routine, normal course and scope of employment with Versacom.

21. Plaintiffs are informed and believe, and thereon allege, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Versacom or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever is made to individuals who are not named as defendants in this complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in the complaint within the scope of their respective employments.

### V.    COLLECTIVE ACTION ALLEGATIONS

22. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

23. Plaintiffs bring their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. Section 216(b), on behalf of all

Defendant's Field Wireless Technicians throughout the State of Texas ("FLSA Collective Plaintiffs").

24. The Named Plaintiffs and FLSA Collective Plaintiffs are similarly situated in that they had, and have, substantially similar job requirements and pay provisions during the statutory period, and were, and are, subjected to Defendant Versacom's common practices as more fully described herein, of unlawfully refusing, through various practices and policies, to pay them all straight time and overtime pay to which they were and are entitled, in violation of FLSA.

25. This claim for relief for violation of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of FLSA, 29 U.S.C. Section 216(b), since FLSA Collective Plaintiffs are similarly situated to the Named Plantiffs with respect to job duties and pay provisions.

26. The names and addresses of the FLSA Collective Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Plaintiffs as soon as possible.

## VI. CLASS ACTION ALLEGATIONS

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

28. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under FRCP 23.

29. All class claims alleged herein arise under the FLSA for which Plaintiffs seek relief as authorized by federal Law. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay at the federally mandated overtime rate for hours worked over forty hours per workweek and have been denied pay at the federally and State mandated minimum wage rate. That is, Plaintiffs worked with other Field Wireless Technicians at Versacom, and these employees have reported that they were subject to the same illegal pay

practice described above. Such other employees have also expressed an interest in joining this lawsuit.

30. The class that Plaintiffs seek to represent may be described as follows:

> Class 1 –All current and former non-exempt employees of Versacom who worked as a "Field Wireless Technician" or similar position however titled and whom Versacom failed to properly compensate for all hours worked and/or failed to compensate for overtime work performed in excess of forty-hours (40) per work week.

31. Plaintiffs seek to represent only those members of the above described group "Class 1" who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

32. Those persons who choose to opt-in (hereinafter referred to as "Class Members") will be listed on subsequent pleadings. Copies of their written consents to sue and opt-in will be filed with the Court.

33. There is a well-defined community of interest in this litigation and the Class Members are easily ascertainable as set forth below:

    a.    <u>Numerosity</u>: The members of Class 1 are so numerous that joinder of all Class Members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiffs at this time, however, Class 1 is estimated to be greater than 60 individuals, and the identity of such membership is readily ascertainable by inspection of Defendant Versacom's employment records.

    b.    <u>Typicality</u>: Plaintiffs' claims herein alleged are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each of the Class Members in separate actions. All Class Members have been similarly harmed by being denied minimum wages as well as overtime wages due to Defendants' policies and practices that affected Class Members similarly. Class Members perform or performed the same or similar tasks as employees of Versacom and are not exempt

from receiving overtime and/or pay at the federally and State mandated minimum wage rate. As such, Class Members are similar to the Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime and minimum wage. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. Versacom engages in a continuing policy, pattern or practice of requiring or permitting Field Wireless Technicians to perform "off-the-clock" without recording the actual time for all work performed, and or compensating Field Wireless Technicians for all overtime work performed in excess of forty (40) hours per work week in violation of the FLSA.

    c. <u>Adequacy</u>: Plaintiffs are qualified to, and will fairly and adequately protect the interests of each Class Member with whom they have a well-defined community interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiffs' attorneys and the proposed Class counsel are versed in the rules governing class action discovery, certification, and settlement.

    d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of the Class Members' rights and the disposition of their interests through actions to which they were not parties.

### IV. FACTS

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

38. For purposes of this action, the "relevant period" is defined as such period

commencing on the date that is three (3) years prior to the filing of this action, and continuing thereafter.

39. At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

40. Defendant Versacom employed Plaintiff Tommy Nguyen from 2007 to 2013.

41. Defendant Versacom employed Plaintiff Paulus Niekdam in 2012.

42. Defendant Versacom employed Plaintiff Loc Tran from on or about 2007 to 2013.

43. Plaintiffs worked for Defendant Versacom as a Field Wireless Technician and received a weekly salary based on an "all inclusive" daily or site wage intended to cover a sixty (60) – seventy-two (72) hour, six-day (6) workweek.

44. As Field Wireless Technicians, Plaintiffs performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees due to the requirements of the position and the demands of Defendant Versacom's management.

45. Throughout the course of their employment, Plaintiffs have been required to work overtime hours in excess of forty (40) hours per each seven-day (7) workweek.

46. Defendants operate a privately held information technology and services company which offers industry certified technicians who provide onsite support for new technology initiatives, telecom network testing, and network repair & maintenance to customers throughout the United States.

47. Plaintiffs' regular job duties consisted of traveling out of state to various customer locations, installing software, and conducting repair, maintenance, and testing of the customer's wireless telecom system.

## V.   COUNT 1 – UNPAID OVERTIME

34.   Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

35.   Defendants' practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. *§* 207.

36.   Specifically, Defendants violated overtime rules by entering into agreements with Plaintiffs and other Field Wireless Technicians to pay an "all inclusive" flat daily rate and then forbidding these employees to record and/or request overtime payment. Consequently, the Plaintiffs are entitled to time and a half for all hours worked over forty in the past three years.

37.   None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

## VI.   COUNT 2 – FAILURE TO PAY MINIMUM WAGE

48.   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

49.   Defendants' practice of failing to pay Plaintiffs at the required minimum wage rate violates the FLSA. *See,* 29 U.S.C. § 206.

50.   Specifically, because the Defendants failed to pay Plaintiffs and other Field Wireless Technicians for work performed in certain workweeks, Defendants failed to pay Plaintiffs and other Field Wireless Technicians the federally mandated minimum wage in those weeks. Consequently, the Plaintiffs are entitled to recover the federally mandated minimum wage rate for all hours worked and not paid in the past three years.

51.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or the Plaintiffs.

## VII. DAMAGES

52. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53. Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

54. Additionally, Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

55. Plaintiffs and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

56. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## VIII. JURY DEMAND

57. Plaintiffs and Class Members hereby make a formal demand for a jury trial in the matter discussed above.

## IX. PRAYER FOR RELIEF

58. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

   c. An equal amount of the foregoing damages as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

   e. An order requiring Defendants to correct their pay practices going forward; and

1. Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

CANTEY HANGER, L.L.P.

By: __/s/ Lu Pham__
Lu Pham
State Bar No. 15895430
Caroline C. Harrison
State Bar No. 24046034
Antonio U. Allen
State Bar No. 24069045

Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2806
(817) 877-2807 – Fax

ATTORNEYS FOR PLAINTIFFS