UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All Others Similarly Situated,<br>    Plaintiffs,<br><br>V.<br><br>VERSACOM, LLC; MUHAMMAD AL-AMIN, Individually; AFREEN AL-AMIN, Individually<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  **JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Plaintiffs Tommy Nguyen ("Nguyen"), Paulus Niekdam ("Niekdam"), and Loc Tran ("Tran) (collectively, "Plaintiffs"), and file this Motion for Partial Summary Judgment. In support thereof, Plaintiffs respectfully show the Court the following:

## I.   INTRODUCTION

Plaintiffs are former field technicians for Versacom, who brought this action against Versacom, LLC, Muhammad Al-amin, Individually, and Afreen Al-amin, Individually (hereinafter collectively "Versacom") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 201 *et. seq.*, on behalf of themselves and all other similarly situated field technicians.

Plaintiffs seek partial summary judgment in their favor with respect to the following discrete issues:

1. Versacom failed to keep records for actual hours worked each day and overtime hours worked each week for all non-exempt Versacom employees who worked on Versacom projects that paid employees a per site rate of pay.

2. Versacom failed to keep records for actual hours worked each day and overtime hours worked each week for all non-exempt Versacom employees who worked on

Versacom projects that paid employees a daily rate of pay.

3. Versacom failed to pay Paulus Niekdam overtime for all actual hours worked by Paulus Niekdam between December 9, 2012 and December 22, 2012.

4. Versacom failed to keep records for actual hours worked each day and overtime hours worked each week by Paulus Niekdam between December 9, 2012 and December 22, 2012.

5. Versacom failed to pay Loc Tran overtime for all actual hours worked over forty hours on Versacom's daily rate projects worked on by Loc Tran between October 28, 2012 and May 4, 2013.

6. Versacom failed to pay Loc Tran overtime for all actual hours worked over forty hours on Versacom's per site rate projects worked on by Loc Tran between October 28, 2012 and May 4, 2012.

7. Versacom failed to pay Tommy Nguyen overtime for all actual hours worked over forty hours on Versacom's daily rate projects worked on by Tommy Nguyen between February 3, 2013 and March 30, 2013.

8. Versacom failed to pay Tommy Nguyen overtime for all actual hours worked over forty hours on Versacom's per site rate projects worked on by Tommy Nguyen between January 23, 2011 and August 4, 2012.

9. As a matter of law, the Highly Compensated Employee Exemption does not apply to Loc Tran.

10. Versacom's conduct in not paying overtime to Plaintiffs was willful.

## II.  UNDISPUTED FACTS

### A.  VERSACOM RECORD KEEPING

1. Versacom admits that between 2010 and 2014, it did not require its employees that worked on per-site-rate-of-pay projects to track or report to Versacom the actual amount of hours worked each day. (Versacom Corp. Rep. Depo. 58:22 – 59:3, App. 59-60).

2. Between 2010 and 2014, Versacom did not require its employees that worked on daily-rate-of-pay projects to track or report to Versacom the actual amount of hours worked each day. (Versacom Corp. Rep. Depo. 59:4-8, App. 60).

3. Versacom admits that it does not have an explanation for not producing missing time sheets for work performed by Paulus Niekdam between July 22, 2012 and September 1, 2012. (Versacom Corp. Rep. Depo. 163:20-25, App. 65).

4. Versacom admits that it does not have an explanation for not producing missing time sheets for work performed by Paulus Niekdam between November 25, 2012 and December 22, 2012. (Versacom Corp. Rep. Depo. 164:1-6, App. 66).

5. Versacom admits that it does not have an explanation for not producing missing time sheets for work performed by Tommy Nguyen between July 8, 2012 and August 18, 2012. (Versacom Corp. Rep. Depo. 164:7-12, App. 66).

6. Versacom admits that it does not have an explanation for not producing missing time sheets for work performed by Tommy Nguyen between September 2, 2012 and October 13, 2012. (Versacom Corp. Rep. Depo. 164:13-17, App. 66).

7. Versacom admits that it does not have an explanation for not producing missing time sheets for work performed by Tommy Nguyen between October 28, 2012 and December 22, 2012. (Versacom Corp. Rep. Depo. 164:18-22, App. 66).

### B. PER DAY AND PER SITE RATE OF PAY

1. Loc Tran was paid a daily rate for work performed for Versacom between October 28, 2012 and May 4, 2013. (Tran Decl. ¶ 3, App. 5).

2. Loc Tran was paid a per site rate for work performed for Versacom between January 9, 2011 and August 18, 2012. (Tran Decl. ¶ 4, App. 5).

3.   Tommy Nguyen was paid a daily rate for work performed for Versacom between October 28, 2012 and May 4, 2013. (Nguyen Decl. ¶ 3, App. 3).

4.   Tommy Nguyen was paid a per site rate for work performed for Versacom between January 23, 2011 and August 4, 2012. (Nguyen Decl. ¶ 4, App. 3).

5.   Versacom implemented the per site method of pay for projects in order to control labor costs. (Versacom Corp. Rep. Depo. 85:5-14, App. 61).

6.   Between October 28, 2012 and May 4, 2013, Loc Tran received the same daily rate of pay as other field technicians assigned to daily rate of pay projects. (Versacom Corp. Rep. Depo. 90:5-12, App. 62).

### C.   OVERTIME HOURS WORKED BY PLAINTIFFS

7.   Between October 28, 2012 and May 4, 2012, Loc Tran worked an average of 20 hours per week of overtime for which he was never paid. (Tran Decl. ¶ 5, App. 6; App. 17-31).

8.   Between January 9, 2011 and August 18, 2012, Loc Tran worked an average of 15 hours per week of overtime for which he was never paid. (Tran Decl. ¶ 6, App. 6; App. 7-16).

9.   Between February 3, 2013 and March 30, 2013, Tommy Nguyen worked an average of 30 hours per week of overtime for which he was never paid. (Nguyen Decl. ¶ 5, App. 6; App. 31-42).

10.   Between January 23, 2011 and August 4, 2012, Tommy Nguyen worked an average of 10 hours per week of overtime for which he was never paid. (Nguyen Decl. ¶ 6, App. 6; App.43-46).

11. Between December 9, 2012 and December 22, 2012, Paulus Niekdam worked an 120 hours but Versacom only paid him for 10 hours. (Niekdam Decl. ¶ 4, App. 1; App. 47).

### D. HIGHLY COMPENSATED EMPLOYEE EXEMPTION

1. Versacom never paid Loc Tran a guaranteed weekly salary. (Versacom Corp. Rep. Depo. 140: 9-15, App. 63).

2. Loc Tran's actual wages with Versacom in 2012 was $83,934. (App. 73).

3. Loc Tran's actual wages with Versacom in 2013 was $43,817.52. (App. 74).

### E. WILLFULNESS

1. Versacom failed to pay Paulus Niekdam overtime in accordance with California overtime law[1]. (Versacom Corp. Rep. Depo. 161:3-14, App. 64).

2. Versacom admits that it intentionally withheld Paulus Niekdam's last paycheck. (Versacom Corp. Rep. Depo. 44:7 – 45:23, App. 56).

3. Versacom admits that it did not have a policy justification for withholding Paulus Niekdam's last paycheck. (Versacom Corp. Rep. Depo. 50:12-20, App. 58).

4. Versacom admits that it could not provide a legal justification for withholding Paulus Niekdam's last paycheck. (Versacom Corp. Rep. Depo. 45:24-46:4, App. 57-58).

5. Muhammad al-Amin, Versacom's General Manager, admits that he has been aware that the Fair Labor Standards Act required employers to pay overtime to nonexempt

---

[1] California requires employers to pay overtime for all hours worked over eight hours.

employees for all hours worked over 40 hours in a workweek since at least 2006. (al-Amin Depo. 50:12-23, App. 69).

6. Muhammad al-Amin, Versacom's General Manager, admits that he did not take any steps to insure that non-exempt employees being paid on a per site or per day basis were being paid overtime for all actual hours worked over 40 hours in a workweek. (al-Amin Depo. 55:21-56:3, App. 70-71).

7. Muhammad al-Amin, Versacom's General Manager, admits that he was aware prior to this lawsuit that California required employers to pay non-exempt employees overtime for hours worked over eight hours each day. (al-Amin Depo. 56:16-21, App. 71).

8. Muhammad al-Amin, Versacom's General Manager, admits that he was not aware of any justification that Versacom had between 2010 and 2014 for failing to pay some non-exempt employees working in California overtime for hours worked in excess of eight hours in a day. (al-Amin Depo. 57:4-9, App. 72).

9. Scott Spray, Versacom's Human Resources Manager, advised Versacom's General Manager of the legal pitfalls of not requiring employees working on per-site-pay-rate projects to track actual hours worked. (Spray Depo. 32:13-35:8, App. 50-53).

### III. SUMMARY JUDGMENT STANDARD

The standards applicable to a summary judgment motion under Rule 56 are familiar to this Court. *Wilson v. Dallas Independent School District*, 1998 WL 47635 (N.D. Tex. 1998). Accordingly, Plaintiffs note only that they seek partial summary judgment on issues related to

Versacom's liability for violating the FLSA, Versacom's failure to keep adequate records, and Versacom's willfulness in violating the FLSA, all of which are proper subjects of summary disposition by this Court. *Wherley v. Schellsmidt*, 3:12-CV-0242-D, 2013 WL 5744335, at *2 (N.D. Tex. Oct. 23, 2013) (liability and affirmative defense); *Hernandez v. Homesley*, 3:11-CV-01268-L, 2013 WL 124102, at *1 (N.D. Tex. Jan. 10, 2013) (willfulness); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 465 (S.D.N.Y. 2008) (record keeping). Moreover, Plaintiffs note that, as to the issues involving the non-exempt status of Plaintiffs, they seek summary judgment on Defendants' affirmative defense of exemption from the FLSA's overtime requirements which must be narrowly construed against Defendants and in favor of employees. *Cleveland v. City of Elmendorf, Tex.,* 388 F.3d 522, 527 (5th Cir. 2004).

## IV. ARGUMENT AND AUTHORITIES

### A. Defendants Violated the FLSA

The FLSA mandates that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first demonstrate that [he] has performed work for which [he] alleges [he] was not compensated." *See Cleveland*, 388 F.3d at 527.

The undisputed evidence in this case is that Plaintiffs worked more than forty hours in a workweek for which they did not receive overtime. Defendants cannot dispute Plaintiff's evidence because Versacom failed to keep accurate records with regard to the specific weeks that

Plaintiffs' identify in their declarations.

> An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 469 (E.D. Tex. 2013). "If the employer's records are inaccurate or inadequate, the employee may produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Rosales v. Lore*, 149 Fed.Appx. 245, 246 (5th Cir. 2005) (internal quotations omitted).

There is no issue of material dispute as to whether Plaintiff's worked overtime in excess of forty hours in a workweek without receiving overtime pay from Defendants. Therefore, this Court should rule as a matter of law that Defendants have violated the FLSA.

### B. Defendants Conduct Was Willful

Under the FLSA, a violation is "willful" if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the statute. *Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. Appx. 324, 326 (5th Cir. 2011). The undisputed evidence in this case is that Defendants knew that it was required to follow the FLSA with regard to paying its non-exempt employees overtime, but chose not to do so. Defendants purposefully implemented payment schemes in a way that insured non-compliance with the FLSA's provisions[2]. Despite warnings from subordinates, Versacom's General Manager failed to take any steps to insure compliance

with the FLSA. Therefore, this Court should rule that, as a matter of law, Defendants conduct in violating the FLSA was willful.

### C. The Highly Compensated Employee Exemption Does Not Apply to Loc Tran

It is a well-settled rule that courts should construe exemptions to the FLSA narrowly, and that the employer has the burden of proof to show that it is entitled to the exemption. *Dole v. Mr. W Fireworks*, *Inc.*, 889 F.2d 543, 545 (5th Cir. 1989). Defendants seek to apply the highly compensated employee exemption to Plaintiff Loc Tran.

> An employee with total annual compensation of at least $100,000 is deemed exempt under section 13(a)(1) of the Act if (1) the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional **and** (2) the employee is paid at least $455 per week paid on a salary or fee basis.

*See* 29 C.F.R. § 541.601 (**emphasis** added). This exemption does not apply to employees whose primary duty does not include performing office or non-manual work. *Id.*

The undisputed evidence attached to this motion shows that Versacom never paid Loc Tran on a salary basis. Furthermore, the undisputed evidence also shows that Loc Tran was paid less than $100,000 in 2013 and 2012. Therefore, this Court should rule that, as a matter of law, the highly compensated employee exemption did not apply to Loc Tran.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request that their Motion for Partial Summary Judgment be granted and that the Court find that as a matter of law: 1) Defendants violated

---

[2] Defendants also failed to follow state overtime laws.

FLSA by not paying Plaintiffs overtime for actual hours worked in excess of 40 hours in a workweek, 2) Defendants' violation of the FLSA was willful, and 3) the Highly Compensated Employee Exemption is not applicable to Loc Tran.

Respectfully submitted,

Cantey Hanger, L.L.P.

By: /s/ Antonio U. Allen
Lu Pham
Texas Bar No. 15895430
Caroline C. Harrison
Texas Bar 24046034
Antonio U. Allen
Texas Bar No. 24069045
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2806
(817) 877-2807 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 17th day of February, 2015.

/s/ Antonio U. Allen
Antonio U. Allen