IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY NGUYEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-4689-D |
| VS. | § | |
| | § | |
| VERSACOM, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this putative collective action to recover unpaid hourly wages and overtime pay,

the court addresses plaintiffs' motion for conditional certification, plaintiffs' motion to

extend time to designate expert witnesses, and defendants' motion to strike plaintiffs' reply

evidence.   For the reasons that follow, the court grants the motion for conditional

certification (except for sustaining certain objections to the proposed notice) and denies as

moot plaintiffs' motion to extend time to designate expert witnesses and defendants' motion

to strike plaintiffs' reply evidence.

I

This is a putative collective action brought by plaintiffs Tommy Nguyen ("Nguyen"),

Paulus Niekdam ("Niekdam"), and Loc Tran ("Tran"), individually and on behalf of all

others similarly situated, against defendants Versacom, L.L.C. ("Versacom"), Muhammad

Al-Amin ("M. Al-Amin"), and Afreen Al-Amin.  Plaintiffs sue under 29 U.S.C. § 216(b), a

provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover

unpaid hourly wages and overtime pay. Versacom is a nationwide provider of engineering and installation services to telecommunication companies. Plaintiffs are former Versacom employees who worked as field wireless technicians and senior field wireless technicians. As field wireless technicians, plaintiffs were employed on a per-project basis, traveled out of state to customer locations, and installed software and conducted repair, maintenance, and testing of customer telecommunications systems. One or two field wireless technicians in each project city were designated as "senior" field wireless technicians. Senior field wireless technicians and field wireless technicians had the same job responsibilities, but senior field wireless technicians performed additional tasks, such as assigning work and reporting project status and team hours. Plaintiffs allege that they were classified as non-exempt hourly employees throughout their employment at Versacom.

Plaintiffs maintain that, while they were employed by Versacom, defendants purposefully failed to properly compensate field wireless technicians for all hours worked, and/or failed to pay field wireless technicians overtime for hours worked in excess of 40 hours per week, in violation of the FLSA. Plaintiffs allege in count 1 of their complaint that Versacom paid field wireless technicians a flat daily rate that did not account for overtime worked, and refused to permit employees to record and/or request overtime payment, in violation of 29 U.S.C. § 706. In count 2, plaintiffs allege that defendants failed to pay them and other field wireless technicians for work performed in certain workweeks, and thus failed to pay the federally-mandated minimum wage for those weeks, in violation of 29 U.S.C. § 207.

Plaintiffs move the court to conditionally certify this collective action and approve court-facilitated notice to a class defined as follows: "[A]ll similarly situated current and former non-exempt employees of Versacom who worked as 'Field Wireless Technicians' or similar positions however titled during the three years preceding the filing of this action." Ps. 7/15/14 Mot. 2. They also move to extend the time to designate expert witnesses. Defendants move to strike plaintiffs' reply evidence.

II

The court turns first to plaintiffs' motion for conditional certification.

> Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly-situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court. When a plaintiff seeks to bring a collective action, a district court can in its discretion facilitate notice to potential plaintiffs of their right to opt-in to the suit.

*Behnken v. Luminant Mining Co.*, 997 F.Supp.2d 511, 515 (N.D. Tex. 2014) (Fitzwater, C.J.) (citation omitted) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (applying *Hoffman-La Roche* to FLSA context)). "Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to facilitate notice or certify a collective action, this court has adopted the prevailing two-stage test." *Id.* (citing *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.) (adopting prevailing standard)); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that

collective actions are "typically" analyzed this way); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to adopt specific standard, but finding no abuse of discretion where district court applied prevailing standard), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 574 F.Supp.2d 618, 621-22 (N.D. Tex. 2008) (Fitzwater, C.J.) (reaffirming decision in *Aguilar*).

> Under this test, the court first determines whether plaintiffs have provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice.  If they have, the court conditionally certifies the class and facilitates notice to the potential plaintiffs.  Second, the court reexamines the class after notice, time for opting-in, and discovery have taken place, typically in response to defendant's motion.  If the court finds that the class is no longer made up of similarly-situated persons, it decertifies the class.  To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions.  The positions need not be identical, but similar.

*Id.* at 516 (citations and internal quotation marks omitted).

> The court is generally more lenient with regard to substantial similarity during the notice stage of the analysis, but notice is by no means mandatory.  The relevant inquiry in each particular case is whether it would be appropriate to exercise the court's discretion to facilitate notice.  A primary reason for exercising this discretion is to ensure that the joining of other parties occurs in an orderly, sensible, efficient and proper way. The use of court-facilitated notice can ensure that information is timely, accurate, and informative, and it can also guard against abuse by misleading communications.  The parties and the court can benefit from settling disputes about the content of the notice before it is distributed, because it may avoid the need to cancel consents obtained in an improper manner.

*Id.* (citations, internal quotation marks, brackets, and ellipsis omitted).

> But before granting court-facilitated notice, the court should satisfy itself that there are other similarly-situated employees of [Versacom] who would desire to opt-in to the lawsuit. This is because courts have a responsibility to avoid the stirring up of litigation through unwarranted solicitation. The court must ensure that an employer is not unduly burdened by a frivolous fishing expedition.

*Id.* (bracketed material added; citations, internal quotation marks, other brackets, and ellipses omitted).

> For these reasons, the court has less cause for leniency during the notice phase of the analysis where a plaintiff has already conducted discovery on the certification issue. One of the rationales for leniency is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery. Thus because the court does not intend that its powers be used for a frivolous fishing expedition, it will hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support the claim with evidence.

*Id.* at 517 (citations and internal quotation marks omitted).

### III

Before addressing the plaintiffs' motion for conditional certification, the court will consider defendants' objections to plaintiffs' proof.

### A

Plaintiffs have each submitted a declaration in support of the motion for conditional certification. Defendants object that many of the statements in the declarations lack foundation, are vague and conclusory, or are hearsay. Plaintiffs respond that at the notice

stage of certification of a collective action, they are not required to present evidence in a form that would be admissible at trial.

B

The factual support necessary for certification of a collective action is modest, and the district court applies a lenient evidentiary standard. *See, e.g., Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011) (noting that courts do not require proof of actual FLSA violation); *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F.Supp.2d 334, 336 (W.D.N.Y. 2008) (noting that evidentiary standard is "lenient"); *Doucoure v. Matlyn Food, Inc.*, 554 F.Supp.2d 369, 372 (E.D.N.Y. 2008) (noting that plaintiffs need only make a "modest factual showing"). Because motions for conditional certification are typically made when discovery is in its early stages, and are not dispositive motions, many courts—including this one—have held that affidavits or declarations offered in support of motions for conditional certification need not be based on evidence that would be admissible at trial. *See, e.g., Lee v. Metrocare Servs.*, 980 F.Supp.2d 754, 759-61 (N.D. Tex. 2013) (O'Connor, J.) ("Plaintiffs need not present evidence in a form admissible at trial at the notice stage."); *White v. MPW Industrial Servs., Inc.*, 236 F.R.D. 363, 367-68 (E.D. Tenn. 2006) (holding that affidavits submitted in support of motion for conditional certification need not meet same evidentiary standards as affidavits submitted in support of summary judgment motions); *Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005) ("At this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial."). Accordingly, the court overrules defendants'

- 6 -

hearsay objections to plaintiffs' evidence.

Although evidence offered at the notice stage need not be admissible at trial, the contents of affidavits and declarations still must be based on the personal knowledge of the affiant or declarant.  *See White*, 236 F.R.D. at 369.  Defendants challenge several parts of Tran's declaration as lacking personal knowledge, lacking foundation, or speculative.  Tran avers that, unless he states otherwise based on information and belief, his declaration is "based on [his] own personal knowledge."  Ps. 7/15/14 App. 8.  He states that he held multiple jobs at Versacom during a period of almost six years and worked in six different states.  During this time, he held the position of senior field wireless technician, in which he was required to provide supervisory and staffing support for certain projects.  His supervisors at Versacom included M. Al-Amin, and he avers that he had numerous conversations with M. Al-Amin discussing Versacom's overtime policy and M. Al-Amin's thoughts on how labor costs for field wireless technicians should be managed.  Tran also avers that he communicated frequently with other senior field wireless technicians about working conditions, Versacom's compensation policy, and M. Al-Amin's management style.  Based on these averments (including Tran's assertion that his declaration is based on personal knowledge unless otherwise noted) and Tran's years of experience with Versacom, it is reasonable to infer that Tran has personal knowledge of Versacom's policies regarding overtime pay, the roles and authority of Versacom's employees and supervisors (including the role of his supervisor, M. Al-Amin), and the reporting practices of field wireless technicians regarding overtime.  The court therefore overrules defendants' objections to

Tran's declaration on the grounds that he lacks personal knowledge or that his declaration is speculative.

Defendants' only remaining objections are to ¶ 8 of Nguyen's declaration, on the ground that it is vague and conclusory, and to ¶¶ 9 and 10 of Niekdam's declaration, on the basis that they are irrelevant to plaintiffs' FLSA claim.  The court sustains these objections and will therefore disregard these averments in reaching its decisions.  Defendants' other objections, however, are overruled.

IV

The court now considers the merits of plaintiffs' motion for conditional certification.

A

Defendants contend for three reasons that plaintiffs have not introduced sufficient evidence of similarly-situated potential plaintiffs to warrant conditional certification of a class and court-facilitated notice: first, plaintiffs cannot demonstrate that they or the putative class were subject to a single policy, practice, or decision that violated the FLSA; second, plaintiffs are not similarly situated to each other or to the putative class members because they were located on different job sites, had different positions and responsibilities, worked on different projects at different times, and were allegedly paid overtime to varying degrees depending on the project location; and, third, plaintiffs have presented no evidence that other similarly-situated employees exist and desire to opt-in to the suit.

B

1

The court turns first to defendants' contention that plaintiffs have failed to make a substantial showing that plaintiffs and the putative class members were the victims of a single decision, policy, or plan that violated the FLSA.  Defendants maintain that the description of defendants' allegedly unlawful policy in plaintiffs' motion for conditional certification differs from the one in their complaint, and that, even within the three declarations offered in support of the motion, plaintiffs identify no fewer than seven different policies that they allege defendants used to deny overtime to Versacom employees. Defendants argue that plaintiffs' inability to pinpoint just one policy or plan demonstrates that they cannot meet the test for conditional certification.

Plaintiffs respond that the single decision, policy, or plan that violated the FLSA was defendants' scheme to avoid paying field wireless technicians legally mandated overtime pay.  Plaintiffs argue that any alleged disparities to which defendants point are simply the various methods through which defendants implemented a single plan.

2

The court will assume *arguendo* that plaintiffs must provide a substantial allegation that the potential class members were subject to a common decision, policy, or plan. *See Behnken*, 997 F.Supp.2d at 518 n.4 (citation omitted) ("The court is assuming *arguendo* that plaintiffs must provide a substantial allegation that the potential class members were subject to a common decision, policy, or plan.  The court notes that other courts have suggested that

- 9 -

an allegation of a common decision, policy, or plan may not be required under § 216(b).").

"The question presented is whether plaintiffs have provided substantial *allegations* that potential class members were subject to a single decision, policy, or plan that violated the FLSA." *Id.* at 518.

Plaintiffs each aver that defendants did not pay them overtime for work in excess of 40 hours per week. Nguyen asserts that he worked on a project in Las Vegas for six months, working on average 30 hours of overtime per week, but was only paid one or two times for the overtime he reported. Niekdam avers that he worked for Versacom on projects in San Diego and Los Angeles, working on average 20 to 30 hours of overtime per week, but was never paid for more than 10 hours of overtime. Tran states that, during the entire time he worked for Versacom throughout Illinois, Nevada, California, Georgia, Texas, and Oklahoma, he worked on average 40 to 60 hours of overtime per week, but Versacom frequently refused to pay for overtime worked. Tran also avers that, as part of his work as a senior field wireless technician, he was responsible for reporting other employees' hours, and field wireless technicians on his team were required to work overtime without compensation. Although plaintiffs describe in their declarations different scenarios under which Versacom failed to pay overtime compensation to field wireless technicians, they have provided substantial allegations that potential class members were subject to a single policy or plan. In other words, regardless what method defendants used to deny overtime compensation to Versacom employees, each was part of a single policy or plan, applied to all potential class members, not to pay for overtime work. *See Ryan v. Staff Care, Inc.*, 497

F.Supp.2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (quoting *Donohue v. Francis Servs., Inc.*, 2004 WL 1161366, at *1 (E.D. La. May 24, 2004)) ("A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice."); *see also Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 996 (E.D. Tex. 2011) (finding that plaintiffs presented sufficient evidence of single, decision, policy, or plan where they demonstrated that they were not paid overtime for work in excess of 40 hours per week).

The court concludes that plaintiffs have met their obligation of providing substantial allegations that potential class members were subject to a single decision, policy, or plan (here, at least a policy) that violated the FLSA.

C

1

The court now considers defendants' contention that the motion for conditional certification must be denied because plaintiffs are not similarly situated to each other or to the other putative class members. Defendants contend that the potential class members had different positions and responsibilities, worked on different projects at different times, and were allegedly paid overtime to varying degrees depending on the project location; that each alleged overtime claim will depend on individualized assessments of circumstances that are particular to the person, such as the time and location of the project worked, and the instructions received from their supervisors regarding the recording and payment of hours worked; and that plaintiffs' proof is replete with references to what employees were allegedly

told by managers and supervisors about recording time and about the payment of overtime, and that conditional certification must be denied when plaintiffs' claims rest on such allegations.

Plaintiffs respond that conditional certification does not require that plaintiffs and potential class members have the same job requirements, job location, or pay; it only requires that the putative class members be similarly situated.  Plaintiffs maintain that they are similarly situated because they were all non-exempt employees whose primary duties involved installing, testing, and maintaining telecommunications equipment, and they were each subject to a common unlawful practice of being denied overtime payment due to Versacom's company-wide policy of refusing to pay overtime compensation.

2

The court disagrees with defendants' characterization of plaintiffs' proof as being dependent on what individual employees were told by their managers or supervisors. Although plaintiffs refer in their declarations to the way supervisors communicated the policy to them, *see, e.g.,* Ps. 7/15/14 App. 6, ¶ 7 ("I was told by my supervisor that it was Versacom's policy not to pay overtime until the reported overtime was approved by someone at the corporate office."), they also allege that M. Al-Amin had ultimate authority as Versacom's General Manager regarding the overtime policy, and that he communicated to senior field wireless technicians an overarching company policy of encouraging supervisors to stop reporting all of the overtime hours worked by their teams, and directed his headquarters' staff to refuse to pay overtime or to cap the amount of overtime paid.

Plaintiffs' claims do not therefore depend on individual assessments of what each employee was told by his supervisor, but instead challenge a company-wide policy, allegedly articulated by Versacom's General Manager, of refusing to pay overtime compensation.[1]

The court also concludes that the different job classifications and responsibilities of plaintiffs and the putative class members are not materially relevant differences at the first stage of the two-step certification process. Although some potential class members were field wireless technicians and others were senior field wireless technicians, plaintiffs allege that the named plaintiffs and the other potential class members all had the same general job responsibilities while employed by Versacom, all were hourly non-exempt employees, and all are entitled to recover unpaid overtime compensation. It does not appear from the record developed thus far that the employees' job classifications, descriptions, or duties affect any of the facts that are material to plaintiffs' claims. Thus these differences are insufficient to defeat conditional certification. *See Aguilar*, 2004 WL 2293842, at *4 ("Thus under plaintiffs' theory of the case, the fact that foremen and laborers had somewhat different duties and rates of pay is immaterial.").

---

[1]Defendants also argue that Tran's inclusion as a plaintiff creates a conflict because he was a supervisor who was responsible for authorizing overtime and did not report all hours worked by him and other employees under his supervision, in direct violation of Versacom's written policy. The court disagrees. Tran's allegations regarding M. Al-Amin's ultimate responsibility for Versacom's overtime practices demonstrate that, at least at this stage of the case, there is not an apparent conflict between Tran and the other named plaintiffs or potential class members. Tran's supervisory role does not create a conflict because, according to his allegations, he was merely following the directions of his supervisor and manager and was also subject to Versacom's policy not to pay overtime compensation.

"Although the need for individual testimony may become apparent at a later stage of this lawsuit, it does not negate that plaintiffs have presented a 'factual nexus' that binds the named plaintiffs and the potential class members." *Behnken*, 997 F.Supp.2d at 521 (citing *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008) (Robinson, J.)).   That factual nexus is the alleged practice of Versacom's failing to pay overtime to field wireless technicians and senior field wireless technicians who worked more than 40 hours per week.   Such a showing is sufficient to support conditional certification. *See id.* (reaching similar conclusion on same reasoning).

D

The court next considers whether plaintiffs have produced sufficient evidence that the similarly-situated plaintiffs exist and desire to opt-in to the suit.

"[B]efore granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees . . . who would desire to opt-in to this lawsuit." *Valcho*, 574 F.Supp.2d at 622 (citing cases).   Defendants contend that plaintiffs have presented no evidence that other similarly-situated employees exist, that plaintiffs have not presented any evidence from other similarly-situated employees, and that plaintiffs' claims instead rely on conclusory statements in their declarations that Versacom refused to pay overtime to other field wireless technicians.

Although courts may consider whether affidavits of potential plaintiffs were submitted when determining whether to grant conditional certification, *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999), "courts have allowed for class certification without

- 14 -

either the submission of statements from similarly situated employees, or affidavits from named Plaintiffs that provide specific information about other employees," *Jones v. SuperMedia, Inc.*, 281 F.R.D. 282, 291 (N.D. Tex. 2012) (Boyle, J.) (citing *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F.Supp.2d 642, 653 (S.D. Tex. 2010); *Neagley v. Atascosa Cnty. EMS*, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7 2005)).   Here, plaintiffs have identified at least 18 potential plaintiffs who have already opted-in to the suit and have filed their consents with the court.   And Tran avers in his declaration that other field wireless technicians on projects where he worked as a supervisor were denied overtime pay, and are therefore similarly-situated to the named plaintiffs.

Citing *Housden*, defendants posit that the court should disregard as conclusory Tran's statements regarding whether other field wireless technicians were paid overtime.   In *Housden* the court held that the plaintiffs' affidavits were conclusory and insufficient to show a widespread plan of discrimination.   *Housden*, 186 F.R.D. at 400.   The *Housden* plaintiffs submitted two affidavits in support of their claim that other potential class members existed. In the affidavits, they merely stated "that they *believe[d]* other workers were discriminated against in similar ways."   *Id.* (emphasis added).   The court held that these vague assertions, unsupported by any evidence, were insufficient to permit the court to conclude that other similarly-situated plaintiffs existed who would desire to opt-in to the suit.   *Id.*

Tran's declaration differs in important respects from the affidavits in *Housden*.   Tran does not merely allege that he "believes" other potential class members exist.   Rather, Tran's declaration is based on personal knowledge as a former Versacom senior field wireless

- 15 -

technician, who was responsible for reporting the hours of his field wireless technician team members.  Through his role as a supervisor, Tran developed personal knowledge about the number of hours worked by other field wireless technicians on his job sites, and whether his team members were being compensated for overtime work.  Therefore, unlike the plaintiffs in *Housden*, Tran has personal knowledge of Versacom and the hours worked by other employees.  His assertions that other employees worked overtime hours for which they were not paid are not conclusory.

Additionally, the fact that 18 persons have already filed consent forms and opted-in as plaintiffs, together with Tran's allegations that other field wireless technicians on his project sites were also denied overtime pay, are sufficient to permit the court to conclude that similarly-situated employees exist and desire to opt-in to the suit.[2]

E

The court therefore holds that plaintiffs have made substantial allegations of the existence of similarly-situated employees of the putative class who would desire to opt-in and have therefore met the requirements for conditional certification of the class.

V

The court now considers plaintiffs' proposed class definition in tandem with the form of notice that should be given to potential class members.

---

[2]Plaintiffs attached to their reply brief the declarations of three other opt-in plaintiffs. Defendants move to strike this evidence as untimely.  Because the court has not considered this evidence in deciding the motion for class certification, the court denies defendants' motion to strike without prejudice as moot.

A

"The benefits of a collective action 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Behnken*, 997 F.Supp.2d at 523 (quoting *Hoffman-La Roche, Inc.*, 493 U.S. at 170). "Consequently, district courts must exercise their discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit." *Id.*

Defendants object to plaintiffs' proposed notice form on the following ten grounds: (1) the notice should not be sent personally from plaintiffs' attorney, as indicated in the "From" field; (2) the "Re:" field is not necessary, given the title and following sections describing the lawsuit; (3) § 2 of the notice gives the false impression that plaintiffs' allegations are established facts; (4) the class definition in § 3 is over-broad and should be limited to workers employed by Versacom up to three years before the notice is approved by the court, as opposed to three years before the suit was filed; (5) § 4 discusses actions that include some that are disputed or irrelevant; (6) a 30-day, rather than 60-day, notice period is sufficient; (7) the notice does not notify recipients that they may be responsible for court costs if their claims are unsuccessful; (8) the notice does not state that the recipient may be required to appear at a deposition or trial in Dallas; (9) the notice does not affirmatively state that the recipient can choose not to join the lawsuit; and (10) the contact information for defendants' attorneys should be provided alongside the contact information for plaintiffs'

counsel.  The court now considers each objection and plaintiffs' response.

## B

### 1

Defendants contend the notice should not be sent personally from plaintiffs' attorney, as indicated in the "From" field.  They do not cite any authority for the proposition that the notice should not be sent from plaintiffs' counsel.  The court overruled a similar objection in *Behnken*.  *See Behnken*, 997 F.Supp.2d at 525 (overruling objection that notice did not identify or provide contact information for defendant's counsel, and explaining that "Plaintiffs' counsel is typically responsible for distributing notice in a collective action, and courts have expressed reservations on ethical grounds about post-certification communications between defendant's counsel and potential opt-in class members.").

### 2

Defendants object to notice on the basis that the "Re:" field is unnecessary given the title and following sections in the notice describing the lawsuit.  Defendants do not cite any authority for their position, it is not persuasive regarding any pertinent notice issue, and the court overrules the objection.

### 3

Defendants maintain that § 2 of the notice gives the false impression that plaintiffs' allegations are established facts.  The court disagrees.  The notice clearly states that the actions described in § 2 are merely allegations or are a description of plaintiffs' claims—not established facts.  *See, e.g.,* Ps. 7/15/14 App. 18 ("Plaintiffs are also *alleging* that . . .

Versacom wilfully violated the FLSA[.]") (emphasis added).   The court overrules this objection.

4

Defendants object to the class definition in § 3 as over-broad, contending it should be limited to workers employed by Versacom up to three years before the notice is approved by the court rather than up to three years before the suit was filed.   Plaintiffs respond that "[w]hile Defendant[s] [are] technically correct regarding the potential class term being limited to three years before notice is approved by the Court, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, 'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." Ps. 8/19/14 Reply Br. 9 (quoting *Winfield v. Citibank, N.A.*, 843 F.Supp.2d 397, 410 (S.D.N.Y. 2012)).

The court overrules the objection.   Although there are several courts that have adopted the approach for which defendants advocate, other courts—including members of this court—have defined certified classes using periods tied to the date of commencement of suit rather than the date of the court-approved notice.   *See, e.g., Lee*, 980 F.Supp.2d at 768-69; *Black v. Settlepou, P.C.*, 2011 WL 609884, at *5 (N.D. Tex. Feb. 14, 2011) (Kinkeade, J.).   This approach has been taken at least in part because equitable tolling issues may arise, making it preferable to define the class more broadly and to deal later with any limitations issues that may arise.   *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011) ("Where, as here, the Court permits notice to be

- 19 -

effectuated upon a large class of Plaintiffs, the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding."). Accordingly, without suggesting that the definition of the class will override a valid limitations defense that defendants' may raise, or excuse a plaintiff from meeting the burden of proving a willful violation in order to enlarge the limitations period from two to three years, *see* 29 U.S.C. § 255, the court overrules the objection.

5

Defendants object to § 4 of the notice on the ground that it discusses some actions that are disputed or irrelevant. Section 4 states, in pertinent part:

> You may file your written consent to participate in this lawsuit even if:
> (a)  Versacom told you that you were ineligible to receive overtime pay;
> (b)  Versacom paid you for some overtime hours worked but did not pay you for all hours you actually worked in excess of 40 hours in a workweek;
> (c)  Versacom told you that it was authorized to withhold your pay for all hours you actually worked in a particular workweek; and
> (d)  you did not keep records of your hours worked.

Ps. App. 7/15/14 App. 19.

Defendants do not cite any authority for their objection. It is unlikely that a defendant who disputes the validity of a plaintiff's FLSA claim in the first place will agree in all respects with any part of a notice that touches on the merits of the plaintiff's lawsuit. The question is not whether the defendants approve of the notice but whether the notice is

accurate.  As the court has stated above, "[t]he benefits of a collective action 'depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'"  *Behnken*, 997 F.Supp.2d at 523 (quoting *Hoffman-La Roche, Inc.*, 493 U.S. at 170).  Section 4 is in fact accurate in that it does not assume that Versacom did any of the acts listed in the first three categories, and it accurately states that if Versacom did one or more of them, this does not preclude a plaintiff from providing written consent to participate in this lawsuit.

    Accordingly, the court overrules the objection.

6

    Defendants object to the notice on the basis that a 30-day, rather than a 60-day, notice period is sufficient to allow potential plaintiffs to opt-in to the suit.  The court overrules the objection.

    Although defendants cite cases that set notice periods of fewer than 60 days, courts have also approved notice periods of 60 days or more.  *See, e.g., Pedigo v. 3003 S. Lamar, LLP*, 666 F.Supp.2d 693, 700-01 (W.D. Tex. 2009) (approving 60-day notice period); *Black*, 2011 WL 609884, at *6 (approving 90-day notice period).  The court finds that such a notice period is fair, particularly given the national scope of the proposed class, and that it provides ample opportunity for prospective members to opt-in.

7

    Defendants object on the ground that the notice does not notify recipients that they may be responsible for court costs if their claims are unsuccessful.  The court sustains the

objection as set forth below. *See Behnken*, 997 F.Supp.2d at 524 (sustaining similar objection and modifying proposed notice).

Defendants propose that the following be added to § 7: "If you decide to join the lawsuit, but your claim is not successful, you may be required to pay the Defendants' costs in defending your claim." Ds. 8/5/14 Br. 15. Plaintiffs appear to concede that additional language is necessary, but they suggest this alternative addition: "You may, however, be required to pay your proportional share of taxable court costs if the plaintiffs receive an unfavorable decision." Ps. 8/19/14 Reply Br. 9.

The following paragraph is included in § 7 of the proposed notice, which is entitled, "EFFECT OF JOINING THIS LAWSUIT": "Plaintiffs' attorneys are working on a contingency fee basis, which means that if there is no recovery, they receive no attorneys' fees." Ps. 7/15/14 App. 20. The wording is very close to that which the court addressed in *Behnken*, and it is similarly inadequate. *See Behnken*, 997 F.Supp.2d at 524. As the court noted in *Behnken*, "[t]his language does not apprise potential opt-in plaintiffs that they may be required to pay taxable court costs if the judgment is unfavorable to them." *Id.*

> Thus the proposed notice form is not completely accurate as to the potential liabilities for those who join the lawsuit, it omits information that would be necessary for someone to make an informed decision about whether to join the lawsuit, and the affirmative representation that plaintiffs' attorneys are working on a contingency fee basis and that no recovery means no attorney's fees could lead a potential opt-in plaintiff to believe that there would be no risk of incurring personal costs of any kind if the litigation were unsuccessful.

*Id.*

- 22 -

Accordingly, the court directs that § 7 be modified so that the third paragraph reads as follows:

> Plaintiffs' attorneys are working on a contingency fee basis, which means that if there is no recovery, they receive no attorneys' fees. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may, however, be required to pay your proportional share of taxable court costs if the plaintiffs receive an unfavorable decision.

*See id.* (requiring similar modification).

## 8

Defendants object that the notice does not state that the recipient of the notice may be required to appear at a deposition or trial in Dallas. Plaintiffs appear to concede that additional language is necessary, and they suggest the following: "While this suit is proceeding, you may be required to give a deposition, respond to written discovery, and testify in court." Ps. 8/19/14 Reply Br. 9.

Considering plaintiffs' position, and because courts routinely approve such language, the court sustains defendants' objection as follows. The court directs that the notice form include the following language: "If you choose to join this lawsuit, you may be required to give a deposition in Dallas, Texas, respond to written discovery, and testify in court in Dallas, Texas."

9

Defendants object that the notice does not affirmatively state that the recipient can choose not to join the lawsuit. They do not cite any authority for their position. The court concludes that the title of § 8—"NO LEGAL EFFECT IN NOT JOINING THIS SUIT"—and the contents of that section (which refer to "choos[ing] *not* to join this lawsuit") adequately apprise potential class members that they are under no obligation to join the suit and that there are no legal consequences to declining to opt-in. The court therefore overrules this objection.

10

Defendants object to the notice on the ground that their attorneys' contact information should be provided alongside plaintiffs' counsels' information. Plaintiffs oppose this objection, contending that there are ethical concerns about post-certification contact between potential opt-in plaintiffs and defense counsel. Defendants do not provide any authority in support of their position, and the court is aware of none. The court overruled a similar objection in *Behnken*, and it overrules this objection on the same reasoning. *See Behnken*, 997 F.Supp.2d at 525.

VI

For the reasons explained, the court conditionally certifies a class consisting of the following: "All current and former Versacom field wireless technicians who were employed between November 26, 2010 and the date this memorandum opinion and order is filed."

- 24 -

VII

Plaintiffs request limited discovery to ensure timely notice.  They ask that the court order defendants to produce either a Microsoft Word or Microsoft Excel data file containing the names, last known addresses, email addresses, last four digits of social security numbers, and dates of employment for all persons employed as field wireless technicians or similar positions at Versacom between November 26, 2010 and the date of the court's order granting their motion for conditional certification.  Plaintiffs contend that disclosure of this information will help facilitate the discovery process and the resolution of this matter. Defendants do not specifically respond to this request, and the court grants it in part and denies it in part.

"[D]iscovery of this sort of information is a routine component of court-facilitated notice in FLSA collective actions."  *Behnken*, 997 F.Supp.2d at 526 (citing *Hoffmann-La Roche*, 493 U.S. at 170; *Bonner v. SFO Shuttle Bus Co.*, 2013 WL 6139758, at *5 (N.D. Cal. Nov. 21, 2013)).  Because doing so will improve the accuracy of the notice, and, as a result, minimize undue delay, the court grants plaintiffs' request as to the names, last known addresses, and dates of employment, but denies it as to the email addresses, telephone numbers, and last four digits of social security numbers.  *See id.* (granting similar relief). Consistent with its prior practice, the court concludes that the need for compelled disclosure of prospective class members' telephone numbers, email addresses, and social security numbers is outweighed by their privacy interests, and that there is no apparent reason to conclude that sending a letter to a person's last known address will be inadequate.  *See id.*

- 25 -

(citing *Aguilar*, 2004 WL 2293842, at *5).

Accordingly, the court directs that, within 30 days of the date this memorandum opinion and order is filed, defendants provide plaintiffs' counsel either a Microsoft Word or Microsoft Excel file containing the names, last known addresses, and dates of employment of all persons employed as field wireless technicians or similar positions at Versacom between November 26, 2010 and the date this memorandum opinion and order is filed.

VIII

The court now considers plaintiffs' motion to extend time to designate expert witnesses. In their reply in support of this motion, plaintiffs advise the court that they have already designated their expert and that this motion is now moot. In defendants' response to plaintiffs' motion, however, they ask the court to extend defendants' deadline to provide any rebuttal expert designation and report.

Defendants must establish good cause under Fed. R. Civ. P. 16(b) to modify the scheduling order. They have not made this showing at this point. Accordingly, the court denies plaintiffs' motion to extend time to designate expert witnesses as moot, and it denies without prejudice defendants' request for extension of time to designate rebuttal expert witnesses.

\*   \*   \*

For the reasons explained, plaintiffs' motion for conditional certification and request to facilitate § 216(b) notice is granted, defendants' objections to the proposed notice form are sustained in part and overruled in part, limited discovery is granted in part and denied in

- 26 -

part, and defendants' motion to strike plaintiffs' reply evidence and plaintiffs' motion to extend time to designate expert witnesses are denied as moot.

**SO ORDERED**.

March 27, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

- 27 -