IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY NGUYEN, et al., | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:13-CV-4689-D |
| VS. | § |
| | § |
| VERSACOM, LLC, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

In this collective action to recover unpaid hourly wages and overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, plaintiffs move for partial summary judgment establishing what they characterize as 10 "discrete issues."[1] The court denies the motion.[2]

Plaintiffs seek summary judgment on issues on which they will largely have the burden of proof at trial. They also move for summary judgment as to defendants' affirmative defense of exemption from the FLSA's overtime requirements, on which defendants will

---

[1]Plaintiffs filed their motion on February 17, 2015, and defendants responded on March 20, 2015. Plaintiffs' reply brief, had they opted to file one, was due on April 3, 2015. The motion is now ripe for decision.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

have the burden of proof.[3]  As to the issues on which plaintiffs will have the burden of proof at trial, to be entitled to summary judgment, plaintiffs must satisfy the heavy "beyond peradventure" standard.  *See, e.g., Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (stating standard); *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (stating that "beyond peradventure" standard is "heavy").  They have not met this burden.

As to any issue on which defendants have the burden of proof, plaintiffs have a lower burden.  They are permitted simply to point the court to the absence of evidence of at least one essential element of the defense.  *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once plaintiffs meet this burden, defendants must go beyond their pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  But defendants have met their burden and demonstrated that there are genuine issues of material fact that require a trial.[4]

---

[3]Defendants argue in opposition to plaintiffs' motion that Fed. R. Civ. P. 56 authorizes summary judgment with regard to claims and defenses, but that plaintiffs are impermissibly seeking summary judgment on an alleged failure to keep time records, which is neither a claim nor a defense.  This argument is based on an apparent misreading of Rule 56(a), which provides that "[a] party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." *Id.* (emphasis added); *see also* Rule 56(g) (permitting court when not granting all the relief requested by motion to "enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case").

[4]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall.*

Accordingly, plaintiffs' motion for partial summary judgment is denied.

**SO ORDERED**.

April 22, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

*Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).