IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY NGUYEN, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-4689-D |
| | § | |
| VERSACOM, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Aly Mohamed, Julian Pham, and Dung Hoang ("Plaintiffs") have filed a Motion to Compel Discovery Responses [Dkt. No. 155], seeking an order compelling Defendants Versacom, LLC ("Versacom"), Muhammad al-Amin, and Afreen al-Amin (collectively, "Defendants") to produce substantive discovery responses to Plaintiffs' discovery requests. United States District Judge Sidney A. Fitzwater referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 158.

Defendants filed a response to the motion, *see* Dkt. No. 160, and Plaintiffs filed a reply, *see* Dkt. No. 161. The Court heard oral argument on Plaintiff's Motion to Compel Discovery Responses [Dkt. No. 155] on December 9, 2015. *See* Dkt. No. 164.

For the reasons and to the extent explained on the record at oral argument and below, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 155].

**Background**

Plaintiffs Tommy Nguyen, Paulus Niekdam, and Loc Tran sued Versacom, Muhammad al-Amin, and Afreen al-Amin on behalf of themselves and all others similarly situated for violations of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1. Plaintiffs subsequently filed a First Amended Complaint on January 14, 2014. *See* Dkt. No. 10.

Opt-in Plaintiffs Mohamed, Pham, and Huang served their First Requests for Production on Defendants on August 27, 2015. (Throughout this order, the Court will address the three Plaintiffs' identical document requests collectively as their "Requests for Production.") Defendants' responses were initially due on September 26, 2015. Defendants requested an extension to respond until October 2, 2015, and Plaintiffs agreed to this extension. Defendants then requested an additional extension until October 15, 2015, and Plaintiffs again agreed. Defendants requested an additional extension until November 15, 2015, and Plaintiffs again agreed to the additional extension.

On November 13, 2015, Darren Harrington and the law firm of Key Harrington Barnes, P.C. entered an appearance in this lawsuit as "interim counsel" on behalf of Defendant Versacom, LLC. *See* Dkt. No. 154. On November 16, 2015 (the deadline for responding where November 15, 2015 was a Sunday), Mr. Harrington emailed Plaintiffs' counsel Objections and Responses to Plaintiffs' First Requests for Production on behalf of all three named Defendants. These responses entitled Objections and

Responses do not contain any substantive responses to any of Plaintiffs' document requests. *See* Dkt. No. 157 at 22-42.

By their motion to compel, Plaintiffs ask the Court to compel Defendants to provide substantive discovery responses and the materials requested through an order overruling Defendants' objections, compelling Defendants to respond adequately to Plaintiffs' First Requests for Production, and awarding Plaintiffs costs and attorney fees incurred in preparing the motion to compel. *See* Dkt. No. 155; Dkt. No. 156 at 5; Dkt. No. 161 at 4. Plaintiffs explain that the document requests at issue "seek discovery aimed at ascertaining information pertaining to Defendants' pay practices and compliance with the FLSA with respect to these three Opt-In Plaintiffs, as well as two additional issues that are relevant to these proceedings. First, Plaintiffs seek the requested information to investigate Defendants' representations of poverty and an inability to pay any judgment in favor of Plaintiffs. Second, Plaintiffs seek this information to determine whether Mr. Mohamed, Mr. Pham, and Mr. Huang were, at any time relevant to these proceedings, jointly employed by a customer of Versacom." Dkt. No. 156 at 3.

Plaintiffs explain that Defendants objected to and provided no substantive materials for Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 13 and that, as to the one request to which Defendants did not object (Request No. 9), Defendants contend that they have previously produced responsive materials, but that, after a thorough search of the documents previously produced by Defendants, Plaintiffs have been unable to identify any documents responsive to Request No. 9. *See id.*

Plaintiffs also contend that, "to the extent such documents were previously produced, Defendants failed to identify the produced materials by Bates Label, and as such, Plaintiffs cannot determine to which documents Defendants are referring in their response to Request No. 9." *Id.*

Defendants responded to the motion and explained that "[c]ounsel for Defendant Versacom, LLC made their appearance in this matter on the eve of the discovery responses at issue being due"; that "[c]ounsel is still in the process of finalizing its representation of the individual defendants but anticipates filing an appearance and is hereby responding to Plaintiffs' motion to compel on their behalf"; that "Plaintiffs Aly Mohamed, Julian Pham and Dung Hoang served identical requests for production on Defendants (Doc. 157) consisting of thirteen (13) individual requests"; that, "[h]aving not had time to consult with Defendants about the outstanding discovery, [Versacom LLC's counsel] requested an extension so that a full and complete response could be made," but Plaintiffs' counsel denied the request"; and that, "[a]s a consequence, Defendants served Plaintiffs with their objections." Dkt. No. 160 at 1.

The response further explains that, "[s]ubsequent to filing their objections, Defendants have located documents responsive to the request and uploaded them to a cloud based server for the undersigned to review over the Thanksgiving holiday" and that, "[o]n Tuesday, December 1, 2015, Defendants supplemented their responses as follows: a. Requests nos. 3-5 and 7-10 were supplemented to state that responsive documents were located and being produced to Plaintiffs; and b. Requests nos. 6 and

11-13 were supplemented to reflect that no documents responsive to the requests were identified and/or located after a diligent search." *Id.* at 1-2.

But the response stands on the objections to Request Nos. "1 and 2 which Defendants principally object to as overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 2. "The requests at issue read as follows:

- Requests For Production No. 1. Copies of all contracts, subcontracts, or agreements in effect between Versacom, LLC, Versacom, LP, Vesacom Holding, LLC, Afreen al-Amin, or Muhammad al-Amin (hereinafter collectively referred to as "Versacom") and Nokia Solutions and Networks Holdings USA Inc or any of its affiliates (hereinafter collectively referred to as "Nokia") at any time during the time period November 26, 2010 to the present.
- Requests For Production No. 2. Copies of all invoices, purchase orders, and payment schedules related to all contracts, subcontracts, or agreements in effect between Versacom and Nokia at any time during the time period November 26, 2010 to the present.

*Id.*

Defendants objected to Requests for Production No. 1 as follows: "Versacom objects to this request on the grounds that it is unduly burdensome and overly broad because it requests documents beyond the relevant time period and does not describe with reasonable particularity the documents being requested where the request encompasses all contracts, subcontracts, and agreements as opposed to only those that are or may be relevant to Plaintiff's FLSA claim. Furthermore the request is vague, ambiguous and not reasonably calculated to lead to the discovery of relevant, admissible evidence because it requests all 'agreements' without identifying or describing the nature or subject matter of the 'agreement,' which would otherwise

include any number of agreements between the identified entities including meeting times, work procedures, project sequencing, and other matters unrelated to Plaintiff's FLSA claim." Dkt. No. 157 at 22-23, 29-30, 37.

Defendants objected to Requests for Production No. 2 as follows: "Versacom objects to this request on the grounds that it is unduly burdensome and overly broad because it requests documents beyond the relevant time period and does not describe with reasonable particularity the documents being requested where the request encompasses all contracts, subcontracts, and agreements as opposed to only those that are or may be relevant to Plaintiff's FLSA claim. Furthermore the request is vague, ambiguous and not reasonably calculated to lead to the discovery of relevant, admissible evidence because it requests all 'agreements' without identifying or describing the nature or subject matter of the 'agreement,' which would otherwise include any number of agreements between the identified entities including meeting times, work procedures, project sequencing, and other matters unrelated to Plaintiff's FLSA claim; and invoices, purchase orders, and payment schedules between Versacom and Nokia have no bearing on whether Versacom's payments to Plaintiff were or were not in compliance with the FLSA." *Id.* at 23, 30, 37.

Defendants contend that their "objections are appropriate since any contracts Defendant has with Nokia (and the invoices related thereto) have no relevance to the hours worked by Plaintiffs," where "Plaintiffs do not seek documents limited to those evidencing and/or reflecting hours and/or projects worked by Plaintiffs" but, "[r]ather, Plaintiffs seek any and all such contracts and invoices whether they have any relation

to Plaintiffs or not," and where "[s]uch an overly broad request renders it irrelevant" for purposes of Federal Rule of Civil Procedure 26(b)(1)." Dkt. No. 160 at 2-3.

Defendants further report that they "have attempted to comply with the requests as expeditiously as possible given the change in representation" and that "Plaintiffs' Motion should be denied, and fees are not appropriate." *Id.* at 3.

Plaintiffs reply that Defendants' response "does nothing to lessen the need for the Court to compel all defendants to produce substantive discovery responses to Plaintiffs' discovery requests and enter an order for sanctions against Defendants." Dkt. No. 161 at 1.

Plaintiffs first note that "Defendants Muhammad al-Amin and Afreen al-Amin remain unrepresented by the counsel for Versacom" and that, "[a]s of the filing of this Reply, there has been no appearance filed by counsel for Versacom on behalf of Defendants Muhammad and Afreen al-Amin." *Id.* at 1 & n.1. Plaintiffs contend that Federal Rule of Civil Procedure 26(g)(1) "requires every response or objection to be signed by at least one attorney of record or by the party, if unrepresented"; that, "[h]ere, the only signature on the objections served to Plaintiffs or the response to Plaintiffs' motion filed by Defendants is that of the counsel of record for Versacom"; and that, "for the objections or response in question to be valid and timely objections and responses by Muhammad al-Amin or Afreen al-Amin, the objections served and the response filed with the Court would have needed to be signed by each of the al-Amins"; that "Defendants do not provide any support for the notion that objections served on behalf of Versacom extend to the individual defendants where Defendants' counsel

admits that his firm does not yet represent the individual defendants in this case"; and that, "[t]herefore, the Court should overrule Defendants' objections and strike Defendants' response to the extent that they purport to be the objections and/or response of all defendants." *Id.* at 1-2, 4 n.2.

Plaintiffs also assert that the Court should overrule Defendants' objections in their original responses because Versacom's new counsel entered an appearance days before the responses were due "but did not contact Plaintiffs' counsel to ask for another extension until the date the discovery responses were due, November 16, 2015," and "Defendants were aware that their responses were due on November 15, 2015, and in fact, each defendant signed their previous counsel's October 13, 2015 motion for withdrawal of counsel which cited the due date." *Id.* at 2.

Plaintiffs further acknowledge that, since the filing of the motion to compel, "Defendants supplemented their responses and removed all objections from eight of Plaintiffs' thirteen discovery requests" and "eventually either produced responsive documents or asserted that no responsive documents existed." *Id.* But, Plaintiffs argue, "Defendants' supplemental responses reveal just how outside the rules of discovery Defendants were operating when they served their 'objection only' responses," where, according to Plaintiffs, "[i]nstead of making reasonable inquiries, Defendants, through their attorney, served boilerplate objections without a good faith basis for doing so," in violation of Rule 26(g)(1)(B). *Id.* at 2-3 Plaintiffs assert that, after they "agreed to three previous extensions, Defendants, without justification and in violation of the Federal Rules of Civil Procedure, failed to make reasonable inquiries regarding whether

-8-

responsive documents existed before serving their boilerplate objections – causing Plaintiffs to have to file their underlying motion." *Id.* at 3.

Plaintiffs finally contend that "Defendants have waived their objections to Plaintiffs' Requests No. 1 and No. 2 because even if the argument asserted in their response is valid, Defendants obscured any legitimate objection by burying it in a litany of boilerplate objections," where "Defendants essentially made the same boilerplate objections to both requests." *Id.* at 3-4. Plaintiffs further argue that, "[e]ven if the Court finds that Defendants did not waive their objections, information regarding how Defendants charge its customers for hours worked by Defendants' employees is certainly relevant to and/or reasonably calculated to lead to the discovery of admissible evidence of Defendants pay practices." *Id.* at 4 (footnote omitted).

In advance of oral argument, Defendants's counsel filed a Notice of Appearance and Designation of Attorney in Charge, in which counsel explained that, "[o]n or about November 13, 2015, the undersigned gave notice of their appearance on behalf of Versacom, LLC"; that, "[o]n November 16, 2015, the undersigned appeared on behalf of the remaining defendants in answering discovery on their behalf and again on December 1, 2015 when the undersigned signed, on behalf of all defendants, a response to Plaintiffs' motion to compel per Fed. R. Civ. P. 11"; that, "[a]s plaintiffs, in replying to defendants' response to their motion to compel have questioned whether an appearance has been made, out of an abundance of caution and in order to address any and all such concerns, Darren Harrington and the law firm of Key Harrington Barnes, P.C. hereby give notice of their appearance in this litigation on behalf of MUHAMMAD

AL-AMIN, and AFREEN AL-AMIN together with VERSACOM, LLC." Dkt. No. 162 at 1.

### Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer an interrogatory under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). And a party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party

asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Federal Rules of Civil Procedure Rules 26(b) and 26(c) have been amended, effective December 1, 2015. The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rule 26(b)(1), as amended, to Plaintiffs' motion to compel is both just and practicable. Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, No. 3:15-cv-1026-M, 2015 WL 8010920, at *3-*10 (N.D. Tex. Dec. 7, 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to

address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel or resist a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing. And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P.

26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

## Analysis

<u>Motion to Compel</u>

Plaintiffs complained in their briefing that it was unclear whether Defendants Muhammad al-Amin and Afreen al-Amin were represented when the discovery responses and objections and response to the motion to compel were served and file and that, if they were not, these defendants did not individually sign and serve any responses or objections to Plaintiffs' First Requests for Production, as required by Rule 26(g)(1) and Rule 34(b)(2), or individually sign a response to Plaintiffs' motion to compel. Federal Rule of Civil Procedure 26(g)(2) provides that "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." FED. R. CIV. P. 26(g)(2). Plaintiffs called this apparent omission to Defendants' attention, but, as the Court discussed with

-13-

counsel at oral argument, it has now been addressed as Defendant Versacom's counsel has entered a formal appearance for all Defendants and confirmed that he was already "appear[ing] on behalf of the remaining defendants in answering discovery on their behalf and again on December 1, 2015 when the undersigned signed, on behalf of all defendants, a response to Plaintiffs' motion to compel per Fed.R.Civ.P.11." Dkt. No. 162 at 1. Accordingly, the Court denies Plaintiffs' request to strike the objections to Plaintiffs' First Requests for Production as to Defendants Muhammad al-Amin and Afreen al-Amin.

Defendants have, through counsel, withdrawn their objections to most of the requests in Plaintiffs' First Requests for Production and provided supplemental responses and documents responsive to the requests. And, at oral argument, Defendants' counsel confirmed that, to his knowledge, Defendants are not withholding any documents responsive to Requests for Productions No. 3-13 on the basis of any objections or otherwise. Accordingly, Plaintiffs' motion to compel is denied without prejudice as moot as to Plaintiffs' Requests for Production Nos. 3-13.

Defendants are only standing on their objections to Requests for Production Nos. 1 and 2, to which the objections are principally to the requests "as overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Dkt. No. 160 at 2. Plaintiffs assert that these objections are waived because Defendants obscured any legitimate objection by burying them in a litany of boilerplate objections. *See* Dkt. No. 161 at 3-4. The Court does not, however, find Defendants' objections to Requests for Production Nos. 1 and 2 to be the sort of general, boilerplate

objection that the Court has warned are improper. *See generally Heller*, 303 F.R.D. at 483-93. Rather, Defendants provided specific reasons for their undue burden and relevance objections. Accordingly, those objections are not waived on this asserted basis.

As to these objections, Defendants contend that "any contracts Defendant has with Nokia (and the invoices related thereto) have no relevance to the hours worked by Plaintiffs," where "Plaintiffs do not seek documents limited to those evidencing and/or reflecting hours and/or projects worked by Plaintiffs" but, "[r]ather, Plaintiffs seek any and all such contracts and invoices whether they have any relation to Plaintiffs or not," and where "[s]uch an overly broad request renders it irrelevant" for purposes of Federal Rule of Civil Procedure 26(b)(1)." Dkt. No. 160 at 2-3. Plaintiffs reply that "information regarding how Defendants charge its customers for hours worked by Defendants' employees is certainly relevant to and/or reasonably calculated to lead to the discovery of admissible evidence of Defendants pay practices." Dkt. No. 161 at 4 (footnote omitted).

For the reasons explained on the record at oral argument and as discussed extensively with counsel there, the Court denies Plaintiffs' motion to compel as to Plaintiffs' Requests for Production No. 2 and grants Defendants a protective order against any requirement to comply with that request, where the request, particularly in light of the more specific documents requested by Plaintiffs' Requests for Production Nos. 7-9, falls outside the proper scope of discovery under Rule 26(b)(1).

As to Plaintiffs' Requests for Production No. 1, for the reasons explained on the record at oral argument and as discussed with counsel there, the Court will order Defendants to produce only copies of specific contractual provisions that (1) are included in a contract, subcontract, or agreement in effect between Versacom, LLC, Versacom, LP, Vesacom Holding, LLC, Afreen al-Amin, or Muhammad al-Amin (hereinafter collectively referred to as "Versacom") and Nokia Solutions and Networks Holdings USA Inc or any of tis affiliates (hereinafter collectively referred to as "Nokia") during a time in which Aly Mohamed, Julian Pham, and/or Dung Hoang worked for Versacom on a project for Nokia that was governed by the contract, subcontract, or agreement and (2) that address Versacom's compliance with the Fair Labor Standards Act or payment of overtime compensation to Versacom's employees. Defendants are not required to produce – or, alternatively, may redact for purposes of production – any other portion of a contract, subcontract, or agreement except for the contract's, subcontract's, or agreement's title and signature page(s) and these specific provisions. The Court otherwise denies Plaintiffs' motion to compel as to Plaintiffs' Requests for Production No. 1 and correspondingly grants Defendants a protective order against any requirement to further comply with Plaintiffs' Requests for Production No. 1.

<u>Requests for Sanctions</u>

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted or if, as here, the "requested discovery is provided after the motion was filed," the Court "must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct,

or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5)(C) further provides that, where, as here, the motion to compel is granted in part and denied in part, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

Rule 26(g) provides:

(g) Signing Disclosures and Discovery Requests, Responses, and Objections.
(1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
(A) with respect to a disclosure, it is complete and correct as of the time it is made; and
(B) with respect to a discovery request, response, or objection, it is:
(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

> ....
> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

FED. R. CIV. P. 26(g)(1), 26(g)(3).

"Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26(g) advisory committee's note (1983). Rule 26(g) specifically "requires that parties make a reasonable inquiry before conducting or opposing discovery." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 448 (5th Cir. 1992). Rule 26(g) "provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection" and whether it is consistent with the Federal Rules of Civil Procedure and "grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law." Fed. R. Civ. P. 26(g) advisory committee's note (1983). "This standard is heavily dependent on the circumstances of each case." *Id.*

"Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." *Id.* "'The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken

-18-

by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by [Federal Rule of Civil Procedure] 11.... Ultimately what is reasonable is a matter for the court to decide on the totality of the circumstances.'" *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 686 (5th Cir. 1989) (quoting Fed. R. Civ. P. 26(g) advisory committee's note (1983)).

A Rule 26(g)(1) "certification speaks as of the time it is made." Fed. R. Civ. P. 26(g) advisory committee's note (1983). The Court therefore "should avoid taking the benefit of hindsight and instead focus on whether, at the time it was signed, the [request, response, or objection] was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536 (5th Cir. 1990) (applying FED. R. CIV. P. 11).

Plaintiffs' motion seeks an award of their reasonable expenses pursuant to Rule 37(a)(5), and, for the first time in reply, Plaintiffs seek an award of their costs and fees under Rule 26(g)(3). The Court will grant Defendants Versacom, LLC, Muhammad al-Amin, and Afreen al-Amin until **January 6, 2016** to file a response to Plaintiffs' request for an order requiring Defendants and/or Defendants' counsel to pay Plaintiffs Aly Mohamed, Julian Pham, and Dung Hoang, pursuant to Rule 37(a)(5) and/or Rule 26(g)(3), the expenses, including attorneys' fees, that Plaintiffs incurred in making their Motion to Compel Discovery Responses [Dkt. No. 155]. Defendants' response should fully explain whether Defendants contend that Plaintiffs filed their motion to

compel before attempting in good faith to obtain the discovery without court action, whether Defendants' nondisclosure, responses, or objections at issue were substantially justified, whether other circumstances make an award of expenses under Rule 37(a)(5) unjust, and whether Defendants' counsel complied – or had substantial justification for any failure to comply – with Rule 26(g)(1) in signing Defendants' original objections to Plaintiffs' First Requests for Production.

Plaintiffs may file a reply in support of their request for an award of their reasonable expenses by **January 27, 2016**.

The Court defers ruling on Plaintiffs' request for an award of their reasonable expenses under Rules 37(a)(5) and/or 26(g)(3) pending this additional briefing.

### Conclusion

For the reasons and to the extent explained above and on the record at oral argument, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 155]. Defendants must produce the documents responsive to Plaintiffs' Requests for Production No. 1, as limited by this order, by **December 30, 2015**.

SO ORDERED.

DATED: December 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE