UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:13-cv-04689-D |
| VERSACOM, LLC, MUHAMMAD AL-AMIN, Individually, and AFREEN AL-AMIN, Individually, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE AND MODIFICATION OF SCHEDULING ORDER**

## TABLE OF CONTENTS

| | |
|---|---|
| **Table of Contents** | …………………………………………………………………...2 |
| **Table of Authorities** | …………………………………………………………………...3 |
| **Procedural and Factual Background** | …………………………………………………………………...4 |
| **Argument** | ………………………………………………………………….…10 |
| **Conclusion** | …………………………………………………………………..12 |
| **Certificate of Service** | …………………………………………………………………...13 |
| **Certificate of Conference** | ….…………………………………………Motion for Continuance |
| **Exhibits/Evidence** | …………………………………………………………...…Appendix |

## TABLE OF AUTHORITIES

**Cases:**

*Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir. 1971)…………………………………………10

**Statutes:**

29 U.S.C. § 201, *et. seq* ……………………………………………………………...……4

*Fed.R.Civ.P.* 16(b)(4). ………………………………………………………….………..10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. 3:13-cv-04689-D |
| VERSACOM, LLC, MUHAMMAD AL-AMIN, Individually, and AFREEN AL-AMIN, Individually, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE AND MOTION FOR MODIFICATION OF SCHEDULING ORDER**

COME NOW, Defendants VERSACOM, LLC, MUHAMMAD AL-AMIN, and AFREEN AL-AMIN, and asks this Court to Continue the trial of this case and modify the Scheduling Order and, in support thereof, would respectfully show the Court as follows:

I.
**PROCEDURAL AND FACTUAL BACKGROUND**

1. This is an action arising to recover alleged unpaid wages and overtime pay brought under the Fair Labor Standard Act, 29 U.S.C. § 201, *et. seq.* (hereinafter FLSA).  (Doc. 10).

2. On July 11, 2013, Versacom filed a lawsuit against Plaintiffs Tuan Ngo and Loc Tran alleging a cause of action for breach of fiduciary duty in the District Court of Collin Count bearing Cause No. 416-02676-2013 (hereinafter "State Court Case").  See Affidavit of Muhammad Al-Amin, attached as Exhibit 1, ¶ 3.

3. In the State Court Case, in their Second Amended Petition, Versacom alleged that Loc Tran breached his fiduciary duty when he failed to devote their full time and efforts to Versacom by setting up a competing company while still employed by Versacom and committed fraud against Versacom. See Exhibit 2, pages 10 & 11-12.

4. On November 26, 2013, Plaintiffs filed their Original Collective Class Action Complaint against Defendants. (Doc. 1).

5. On December 31, 2013, Defendants filed an Answer to the Plaintiffs Original Collective Class Action Complaint. (Doc. 8).

6. On January 14, 2014, Plaintiffs filed an Amended Complaint. (Doc. 10).

7. On January 28, 2014, Defendants filed an Answer to the Amended Complaint. (Doc. 12).

8. On February 11, 2014, the Court entered a Scheduling Order, which provided, *inter alia,* that the deadline for Completion of Discovery was December 15, 2014. (Doc. 15).

9. On January 15, 2014, Plaintiffs filed a Motion for Conditional Certification and authorizing Plaintiffs to issue "opt-in" notices to all purportedly similarly situated current and former non-exempt employees of Versacom, LLC ("Versacom"). (Doc. 16).

10. On August 5, 2014, Defendants filed their Response and Objection for Plaintiffs' Motion for Conditional Certification on the basis that the Plaintiffs were not similarly situated. (Doc 19).

11. On August 19, 2014, the Plaintiffs filed a Reply to Defendants' Response to Plaintiffs' Motion for Conditional Certification. (Doc. 22).

12. On December 4, 2014, Plaintiffs filed an expert designation, which included a report from David Breshears who offered an opinion concerning the damages of Tommy Nugyen, Paulus Niekdam, and Loc Tran. A copy of the report is attached as Exhibit 3.

13. On March 27, 2015, the Court issued a Memorandum Opinion and Order conditionally certifying a collective group of all individuals who worked for Versacom as field wireless technicians from November 26, 2010 through March 27, 2015 (Doc. 65).

14. The Court directed Defendants to produce to Plaintiffs' counsel the contact information for all such individuals by no later than 30 days after March 27, 2015. (Doc. 65)

15. Defendants complied with the Order, and they produced the contact information to Plaintiffs' counsel on April 23, 2015.

16. While the Motion for Conditional Certification was still pending and within a few days after the parties attended a Court-ordered mediation session on January 16, 2015, Plaintiffs filed notices of consent for six more individuals who were opting-in to the case (Doc. 51-56).

17. While the Motion for Conditional Certification was still pending and within a few days after the parties attended a Court-ordered mediation session on January 16, 2015, Plaintiffs filed notices of consent for six more individuals who were opting-in to the case (Doc. 51-56).

18. Accordingly, on or about May 5, 2015, Defendants filed a Motion for Modification of Scheduling Order, Continuation of Trial Setting, and Request for Expedited Ruling. (Doc. 84).

19. On May 26, 2015, the Court referred Defendants' Motion for Modification of Scheduling Order and Continuation of Trial Setting to the Magistrate for Determination and, on its own initiative vacated the August 3, 2015 trial setting. (Doc. 116).

20. On June 4, 2015, the Court graciously granted Defendants' Motion for a Modification of the Scheduling Order to re-open the discovery period to permit discovery from

opt-in plaintiffs and to set a deadline for Defendants to file a Motion to Decertify the Class and Motion for Summary Judgment. (Doc. 129).

21.   Pursuant to the June 4, 2015 scheduling order, the parties were to complete discovery no later than October 30, 2015. (Doc. 129)

22.   From May 5, 2015 through June 29, 2015, Plaintiffs filed thirty-one (31) Notices of Filing Consents for an additional forty-six (46) Plaintiffs to join the Class Action Lawsuit. (Docs. 86-90, 92-93, 96-100, 105-108, 111, 113-114, 117, 122, 124, 127, 130-131, 135-138, 140-141, & 147).

23.   Accordingly, on October 2, 2015, the parties filed an Agreed Motion to Extend Discovery and Decertification/Dispositive Motions. (Doc. 149).

24.   On October 2, 2015, the Court granted the Agreed Motion and graciously extended the discovery deadline until December 11, 2015. (Doc. 150).

25.   This left Defendants a little over five (5) months to send out written discovery and obtain depositions from forty-six (46) opt-in Plaintiffs. (Docs. 86-90, 92-93, 96-100, 105-108, 111, 113-114, 117, 122, 124, 127, 130-131, 135-138, 140-141, & 147).

26.   On February 12, 2016, Defendants filed a Motion to Decertify Class. (Docs. 170-172).

27.   On March 4, 2016, Plaintiffs filed a Response to Defendants' Motion to Decertify Class. (Docs. 174-175).

28.   On March 18, 2016, Defendants filed a Reply to Plaintiffs' Response to Defendants' Motion to Decertify Class. (Docs. 178).

29.   To date, an Order on Defendants' Motion to Decertify Class has not been issued.

30. In late May 2016, during the jury trial of the State Court Case, the predecessor counsel for Versacom questioned Tuan Ngo and Loc Tran regarding time expended engaging in activities in conflict with Versacom during the time that they were employed by Verscacom. See Exhibit 1, ¶ 5.

31. Defendants anticipate that the testimony will raise additional issues with respect to the Decertification of the Class Action with respect to the commonality of the opt-in Plaintiffs. See Affidavit of Sean Modjarrad, attached as Exhibit 4, ¶ 14.

32. Specifically, Mr. Tran was questioned about working on a competing venture with Versacom while he was "on the clock" with Versacom. See Exhibit 1, ¶ 5.

33. On June 1, 2016, the jury in the State Court Case found that Mr. Tran had breached his fiduciary duty to Defendant. The charge of the Court is attached as Exhibit 5.

34. On June 30, 2016, Defendants' predecessor counsel filed a Motion for Withdrawal of Counsel, which was less than thirty (30) days prior to the deadline to file pretrial materials, and the Court granted the Defendants' predecessor counsel's motion that same day. (Docs. 181 and 182, respectively).

35. On July 6, 2016, the Court Ordered Defendants to obtain counsel within twenty-eight (28) days of the date that the Order was filed in Court. (Doc. 183).

36. In accordance with the Court's Order, Defendants met with several attorneys to represent them in connection with this lawsuit, including: (1) Joe Kendall; (2) Richard Faulkner; (3) Kahlid Hamideh; and (4) Scott Perez; however, they would not accept representation of Defendants in this matter. See Exhibit 1, ¶ 10.

37. On July 27, 2016, prior to the expiration of Defendants' deadline to find substitute counsel, the Plaintiffs filed a Motion for Sanctions against the Defendants for failure to comply with the Court's deadlines in the Trial Setting Order. (Doc. 194).

38. Since Defendant Versacom, LLC was not represented by counsel, it was impossible for Versacom, LLC to exchange or file documents in this lawsuit without representation of counsel. See Exhibit 1, ¶ 15.

39. On July 28, 2016, Defendants retained Sean S. Modjarrad to represent them in the aforementioned case. See Exhibit 1, ¶ 12 & Exhibit 4, ¶ 3.

40. Defendants' counsel acquired the file from its predecessor on July 28, 2016 (11 days prior to trial), which includes, but is not limited to, approximately 1,500 pages of document production from Plaintiffs, approximately 11,700 pages of document production from Defendants, 13 witness depositions, and 196 filings with the Court. See Exhibit 4, ¶ 16.

41. To date, Defendants' counsel has not received the full file from Strassburger & Price, the counsel who represented Defendants prior to Defendants' counsel's predecessor. See Exhibit 4, ¶ 17.

42. Also, on July 28, 2016, Defendant Muhammad Al-Amin emailed the Court reporter who transcribed the testimony in the State Court Case for the purpose of acquiring the transcript of the Defendants Tuan Ngo and Loc Tran's testimony during the State Court Case trial. See email from Muhammad Al-Amin to Sue Maienschein, the court reporter, sent on July 28, 2016, which is attached as Exhibit 6.

43. On July 29, 2016, Sean S. Modjarrad filed his notice of appearance in this case.

II.
**ARGUMENT FOR MOTION FOR CONTINUANCE AND MOTION FOR MODIFICATION OF SCHEDULING ORDER**

44. The Court has inherent authority under Rule 16 of the Federal Rules of Civil Procedure to enter appropriate orders regarding management of the case based on the particular circumstances and interests involved. *See, e. g., Davis v. Duplantis,* 448 F.2d 918, 921 (5th Cir. 1971) (district court has wide discretion under Rule 16 to enter appropriate pretrial orders taking into full consideration the particular circumstances of the case).

45. A schedule may be modified for good cause and with the judge's consent. *Fed.R.Civ.P.* 16(b)(4).

46. In the action at bar, the Defendants seek the modification of the Court's Scheduling Order for the purposes of continuing the trial and completing additional discovery. More specifically, the deposition of Plaintiffs' expert concerning his damages model and, in the event the Court denies the Plaintiffs' Motion for Decertification of Class, written discovery and deposition testimony concerning the additional class action Plaintiffs. See Exhibit 4, ¶¶ 8-14.

47. In addition, Defendants seek a continuance of the trial date in order to provide Defendants' new counsel the opportunity to review the voluminous documents in this case acquire the trial testimony of Plaintiff Loc Tran regarding the issue of whether they were working for Versacom or working for a competing interest while they were "on the clock" with Versacom. See See Exhibit 4, ¶¶ 8-14 & 19.

48. With respect to the review of the documents in this case, Defendants' counsel acquired the file from its predecessor on July 28, 2016 (11 days prior to trial), which includes, but is not limited to, approximately 1,500 pages of document production from Plaintiffs,

approximately 11,700 pages of document production from Defendants, 13 witness depositions, and 196 filings with the Court.  Exhibit 4, ¶ 16.

49. The discovery is needed by Defendants and is relevant and material because: (1) the deposition of Plaintiffs' expert is necessary for Defendants to ascertain the basis of Plaintiffs' expert's testimony, which is largely based upon conversations he had with Plaintiffs, and ascertain whether Plaintiffs' expert was informed of and considered the time Plaintiffs expended on outside endeavors during the time they claim they are owed wages for Versacom; and (2) the written discovery and deposition testimony concerning the added class action Plaintiffs is necessary in order to ascertain the amount of their claims, the basis of their claims, and whether their claims are viable.  See Exhibit 4, ¶ 9-14.

50. If Defendants are unable to acquire the aforementioned discovery they will be severely prejudiced because they will be cross-examining both the expert witness and the added class action Plaintiffs without knowledge of the basis of their claims and opinions.  This will place Defendants at a severe disadvantage where they will have to ask questions in front of a jury without having knowledge of the answers to same.

51. Moreover, Defendants will be severely prejudiced in that they will be forced to formulate a defense to factual statements at the time of trial for which they are unprepared to address.

52. Defendants were reasonably diligent in securing discovery and preparing for trial in that: (1) they diligently sought counsel in compliance with the Court's Order by speaking with at least four (4) attorneys' prior to timely acquiring counsel; (2) Defendants acquired the testimony with which to cross-examine Plaintiffs' expert at the time of the trial of the State Court case, which was in late May 2016, which was subsequent to the discovery deadline; (3) Defendants requested

a transcript of the testimony on July 28, 2016; (4) Defendants cannot know whether the Plaintiffs' expert will be able to opine on the damages of the added class action Plaintiffs unless and until the Motion for Declassification of Class is decided by the Court; and (4) Defendants did not wish to waste the resources of both parties by deposing class action Plaintiffs in the event the Court granted its Motion for Decertification of the Class.  See Exhibit 4, ¶ 12.

53.  This motion for continuance is not just for delay but so that justice may be done. See Exhibits 1, ¶ 16 & Exhibit 4 ¶ 21.

54.  The Continuance will not prejudice Plaintiffs because the extension will permit the Motion for Declassification to be decided by the Court prior to trial, which will enable for a more efficient trial and trial preparation, and the discovery by Defendants will shorten the length of the trial by narrowing issues through discovery (rather than on the witness stand).  See Exhibit 4, ¶ 9.

## III.
### CONCLUSION

Defendants request that this Court grant this Motion for Continuance and Modification of the Court's scheduling order to continue the trial for at least 180 days and modify the scheduling order to permit discovery for an additional 120 days.  The aforementioned would permit Defendants to acquire the transcript of the trial testimony from the State Court Case that is relevant to this lawsuit, depose Plaintiffs' expert concerning the trial testimony, ascertain whether the class will go forward prior to engaging in additional discovery of potential parties in this lawsuit, permit Defendants' counsel time to familiarize himself with the voluminous documents involved in this matter, and utilize the Court's ruling on the Motion for Decertification as well as the discovery and testimony to narrow the issues for a more efficient trial of this matter.

WHEREFORE, Defendants request that the trial be continued for at least 180 days and the discovery period be extended for an additional 120 days as well as such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Sean S. Modjarrad
**SEAN S. MODJARRAD**
Texas Bar No. 24027398
smodjarrad@modjarrad.com
**SARAH M. SCHECHTER**
Texas Bar No. 24062987
sschechter@modjarrad.com
**DAVID MIZGALA**
Texas Bar No. 24031594
dmizgala@modjarrad.com
**JEFF SHELTON**
Texas Bar No. 24011458
jshelton@modjarrad.com
**MODJARRAD | ABUSAAD | SAID LAW FIRM**
212 W. Spring Valley Road
Richardson, Texas 75081
Tel. (972) 789-1664
Fax. (972) 789-1665
*Attorneys for Defendants Versacom, LLC, Muhammad Al-Amin, and Afreen Al-Amin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 29th day of July, 2016.

/s/     Sean S. Modjarrad