UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOMMY NGUYEN, PAULUS** | § | |
| **NIEKDAM, and LOC TRAN,** | § | |
| **Individually and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | **Civil Action No. 3:13-CV-04689-D** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VERSACOM, LLC; MUHAMMAD** | § | |
| **AL-AMIN, Individually; AFREEN AL-** | § | |
| **AMIN, Individually** | § | |
| **Defendants.** | § | |

PLAINTIFFS' RESPONSE TO DEFENDANTS'MOTION FOR
CONTINUANCE AND MOTION FOR MODIFICATION OF SCHEDULING ORDER

### TABLE OF CONTENTS

I. Procedural and Factual Background ...................................................................1

II. Argument .........................................................................................................11

    A. Defendants Provide No Reasonable Explanation for a Continuance or
Modification of Scheduling Order ..............................................................11

        1. Defendants Have Known the Identity and Subject Matter of Plaintiffs'
Damage Expert's Testimony for Two Years ....................................12

        2. Defendants Have Already Conducted Written and Oral Discovery on Opt-
In Plaintiffs .............................................................................13

        3. Defendants Have Not Shown How Loc Tran's Testimony from the State
Litigation Is Either Relevant or Material to these Proceedings ....................14

        4. Defendants Had More Than Ample Time to Retain New Counsel to
Prepare and Try this Case ..............................................................16

    B.  A Continuance and/or Modification of Scheduling Order Will Prejudice
Plaintiffs ..............................................................................................18

    C. Conclusion ...........................................................................................19

Certificate of Service ...........................................................................................19

# **TABLE OF AUTHORITIES**

**Cases**

*Chambers v. NASCO, Inc.,*
501 U.S. 32 (1991) ...............................................................................................**11**

*Daniel J. Hartwig Assocs., Inc. v. Kanner,*
913 F.2d 1213 (7th Cir. 1990) ...........................................................................**11**

*Gardner v. Federated Dep't Stores, Inc.*,
907 F.2s 1348 (2d Cir. 1990) ...............................................................................**14**

*Reliance Ins. Co. v. Louisiana Land & Expl. Co.*,
110 F.3d 253 (5th Cir. 1997) .........................................................................**11, 13**

*Salinas v. O'Reilly Auto., Inc.,*
Civ. A. 3:04-CV-1861-B, 2005 WL 3783598 (N.D. Tex. Nov. 17, 2005) ...................**18**

**Statutes**

Fed. R. Civ. P. 16(b)(4) ...........................................................................................**11**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOMMY NGUYEN, PAULUS** | § | |
| **NIEKDAM, and LOC TRAN,** | § | |
| **Individually and on Behalf of All** | § | |
| **Others Similarly Situated,** | § | **Civil Action No. 3:13-CV-04689-D** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VERSACOM, LLC; MUHAMMAD** | § | |
| **AL-AMIN, Individually; AFREEN AL-** | § | |
| **AMIN, Individually** | § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'MOTION FOR**
**CONTINUANCE AND MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Plaintiffs Tommy Nguyen ("Nguyen"), Loc Tran ("Tran"), and Paulus Niekdam

("Niekdam") (collectively, "Plaintiffs") ask the Court to deny Versacom, LLC's ("Versacom"),

Muhammad al-Amin's ("Mr. al-Amin"), and Afreen al-Amin's ("Mrs. al-Amin") (collectively,

"Defendants") Motion for Continuance and Motion for Modification of Scheduling Order, and

in support thereof, Plaintiffs respectfully show the Court as follows:

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

On November 26, 2013, Plaintiffs sued Defendants on behalf of all similarly situated

individuals alleging violations of the Fair Labor Standards Act. (Dkt. No. 1) Specifically, Plaintiffs

asserted that Defendants willfully failed to pay their employees the required minimum wage and

overtime.   The law firm of Key Harrington Barnes, PC ("Key Harrington") filed Defendants

original answer on December 31, 2013. (Dkt. No. 7).

On February 11, 2014, the Court issued its scheduling order, which included the following

pertinent pretrial deadlines:

1. Motion for Conditional Certification – July 15, 2014
2. Designation of Expert Witnesses – August 1, 2014
3. Completion of Discovery – December 15, 2014

(Dkt. No. 15).  On July 15, 2014, Plaintiffs filed their motion for conditional certification. (Dkt. No. 16). Plaintiffs served their designation of experts and their damage expert's initial report to Defendants on August 1, 2014. (*See* August 1, 2014 Letter serving Expert designations, APP 003). On October 3, 2014, this Court issued a Trial Setting Order setting the case for trial on August 3, 2015. (Dkt. No. 26).

The Court ordered the parties to mediation by Order dated December 16, 2014. (Dkt. No. 45).  The parties were required to mediate the case within forty-five days of the Court's order.  *Id.* The parties participated in mediation on January 16, 2015, but the Parties could not resolve the matter (*See* January 8, 2015 Mediation Notice, APP 004).

Between November 26, 2013 and February 6, 2015, twenty-five former and/or current Versacom employees filed notices of consent to opt-in to this lawsuit.) (Dkt. Nos. 5, 11, 14, 51, 52, 53, 54, 55, 56).  Following mediation, Plaintiffs' shared with Defendants their internal damage model on January 27, 2015, based on the claims of the three named plaintiffs and twenty-four opt-in plaintiffs. (*See* January 27, 2015 Email from Antonio Allen to Key Harrington Regarding Damage Model, APP 006).

On March 3, 2015, the Court granted Plaintiffs' motion for conditional certification.  (Dkt. No. 65).  On May 5, 2015, Defendants filed a motion for modification of scheduling order seeking to reopen the discovery period in order to conduct discovery of the opt-in plaintiffs and to continue the August 3, 2015 Trial Setting. (Dkt. No. 84).  On May 7, 2015, Plaintiffs filed their response and a motion for protection seeking to limit the scope of Defendants' discovery on opt-in plaintiffs.

(Dkt. No. 91).  The Court "on its own initiative" vacated the August 3, 2015 Trial Setting because of a conflict with a "multi-defendant, multi-week criminal trial" scheduled to start on July 13, 2015.  (Dkt. No. 116).  The Court referred the remainder of Defendants' motion and Plaintiffs' motion for protection to Magistrate Judge David Horan.  *Id.*

After briefing and oral arguments by the parties, Judge Horan granted Defendants' motion to modify the scheduling order and denied Plaintiffs motion for protection. (Dkt. No. 129).  Judge Horan refused to limit either written or oral discovery, specifically reasoning that Defendants should be allowed "a reasonable opportunity to explore, discover, and establish an evidentiary basis from their defenses and possible motion to decertify."  *Id.*  Judge Horan's order modified the Scheduling Order to extend the discovery deadline to October 30, 2015 and the deadline for filing motion to decertify to November 30, 2015.  *Id.*  On July 1, 2015, Defendants filed an unopposed motion for substitution of counsel. (Dkt. No. 142).  On July 2, 2015, the Court issued an order withdrawing Key Harrington and substituting Strasburger & Price, LLP ("Strasburger"). (Dkt. No. 143).

Between March 3, 2015 and the end of the notice period, forty-seven additional former and/or current Versacom employees filed notices of consent to opt-in to this collective action. (Dkt. Nos. 80, 81, 82, 86, 87, 88, 89, 90, 92, 93, 96, 97, 98, 99, 100, 105, 106, 107, 108,111, 113, 114, 117, 122, 124, 127, 130, 131, 135, 136, 137, 138, 140, and 141).  On June 25, 2015, the parties filed a Joint Status Report.  (Dkt. No. 139).  In that status report, Defendants represented to the Court that they were actively engaged in individualized discovery from the opt-in plaintiffs. (*Id.*).  Indeed, Defendants served discovery on seventy-one of the seventy-two opt-in Plaintiffs, with sixty-five of those requests (90.3%) occurring in June, 2015.  (*See* Letter from Defendants' Counsel serving Discovery Requests, APP 007 – 015). By agreement with Defendants, Plaintiffs

responded to all of the Defendants' discovery requests on June 20, 2015 (6), August 13, 2015 (48), and August 19, 2015 (17). (*See* Letter Serving Discovery Responses, APP 016 - 021).

In addition to the written discovery, Defendants, through Strasburger, noticed the depositions of four opt-in plaintiffs. (*See* attached Depo Notices for Kevin Dinh, Angelo Adams[1], Goldie Moore and Alex Hoang, APP 022 - 026).  Plaintiffs also agreed to the deposition of Peter Le, but Defendants cancelled it three days before it was scheduled to occur and before sending out a deposition notice. (*See* October 7, 2015 Email from Martin Thornthwaite cancelling depo, APP 027 - 029).

On September 24, 2015, Plaintiffs agreed to Defendants' request to extend the discovery deadline by six weeks to December 11, 2015 and the deadline for Defendants to file a their decertification motion to February 12, 2016. *Id.*  On October 2, 2015, the parties filed an agreed motion to extend the discovery and decertification motion deadlines. (Dkt. No. 149).   In the motion, the parties agreed that they did not anticipate that the requested extension of the deadlines would affect the Court's other established deadlines. *Id.*  The Court granted the motion on October 2, 2015. (Dkt. 150).

On October 12, 2015, Plaintiffs agreed to a third extension of time for Defendants to respond to Plaintiffs' pending discovery requests because Strasburger was withdrawing from the case as counsel of record for Defendants.[23] (*See* 10.12.15 Email from Martin Thornthwaite confirming Agreement, App 030 - 034).  Strasburger filed an unopposed motion to withdraw as

---

[1] By agreement, Angelo Adams' deposition was scheduled to occur in Los Angeles because his health issues, but Defendants cancelled the deposition. (Dkt. Nos. 144 and 147).

[2] The original deadline was September 26, 2015.

[3] Defendants' counsel represented to Plaintiffs that the extension was needed to give Defendants time to find new counsel before the response deadline.

**Plaintiffs' Response To Defendants' Motion for**
**Leave to Exchange and File Pretrial Materials**                                                          **Page 4 of 21**

counsel on October 13, 2015, and the Court granted their motion on October 16th[4]. (Dkt. Nos. 151 and 152).  In their motion for withdrawal, Strasburger represented to the Court that its withdrawal would not delay proceedings in the case and that given the extensions granted by Plaintiffs, there was adequate time for Defendants to complete discovery.  (Dkt. No. 151, ¶¶ 3-5).  Subsequent to granting Strasburger's withdrawal, the Court ordered corporate defendant, Versacom, to retain new counsel within 28 days of the Court's order (November 13, 2015). (Dkt. No. 153).  The last line of the Court's order stated very clearly that the "order [did] not apply to the individual, non-corporate defendants, because they are permitted to appear *pro se*." *Id.*

Despite the November 15th deadline for responding to Plaintiffs' pending discovery requests, Defendant Versacom waited until the day of the Court's deadline to retain new counsel. (Dkt. No. 154).  Key Harrington, Defendants' former counsel, filed an appearance in the case on behalf of Versacom only.  *Id.*  Key Harrington's notice of appearance made it very clear that it was appearing as "interim counsel" and that it did not intend to represent Versacom through the conclusion of the case.  *Id.*  After Plaintiffs denied Defendants request for a fourth extension of the pending discovery requests, Defendants served boilerplate objections to all of the requests, and Plaintiffs filed a motion to compel Defendants responses. (Dkt. No. 155).  The Court eventually granted part of Plaintiffs motion and sanctioned Defendants for their conduct. (Dkt. Nos. 167 and 173).  In sanctioning Defendants, the Court noted that "it was Defendants [who] put themselves in a position to object and fail to substantively respond . . . to several of the document requests . . . without substantial justification."  (Dkt. No. 173, pg. 7).  The Court pointed out that Defendants

---

[4] Strasburger represented to the Court that it was withdrawing because "a situation has arisen between the defendants and Strasburger & Price that cannot be reconciled and precludes Strasburger & Price's continued representation of Defendants." (Dkt. No. 151, ¶ 2).

could have appropriately responded to the requests in the time given.  *Id.* at pg. 7-8.

On December 1, 2015, ten days before the close of the extended discovery period and without conferring with Plaintiffs, Key Harrington served deposition notices for seven additional opt-in plaintiffs. (*See* December 1, 2015 Deposition Notices, APP 035 – 039).   By subsequent agreement, Key Harrington withdrew the earlier deposition notices, and Plaintiffs agreed to assist Defendants' counsel with the scheduling of depositions for the opt-ins to facilitate completion before the discovery deadline.[5] (*See* 12.2.15 Email Exchange between Colin Durham and Antonio Allen regarding scheduling depositions, APP 040 – 048).

On December 9, 2015, the Court issued a new Trial Setting Order which set this case for trial on August 8, 2015. (Dkt. No. 163).  The Courts order imposed pretrial deadlines on the parties including the following requirements: (1) serve and file pre-trial disclosures 30 days before trial (July 11, 2016), (2) file exhibit and witness lists, proposed voir dire instructions, motions in limine, deposition designations, and proposed jury instructions and questions no later than 14 days before trial (July 25, 2016), and (3) submit joint proposed pretrial order to the Court no later than July 25, 2016.  *Id.*

On February 12, 2016, Defendants filed their motion for decertification, which is still pending before the Court. (Dkt. No. 170).   Plaintiffs filed their response to Defendants' decertification motion on March 4, 2016 to which Defendants replied on March 18, 2016. (Dkt. No. 174 and 178).

On June 30, 2016, Key Harrington filed its Motion for Withdrawal of Counsel. (Dkt. No.

---

[5] The parties agreed to remote depositions for five of the opt-ins.  Despite the agreement, only Peter Le and Dustin Vu were actually deposed.  Two of the depositions (Hoan Bui and Ally Mohammad) were cancelled by Key Harrington because of issues with the certification of the court reporter and interpreter, and Angelo Adams' deposition was cancelled after he voluntarily withdrew from the lawsuit. (Dkt. Nos. 166 and 167).

181)[6].  Key Harrington represented in its motion that Defendants had represented for months that

Sean Modjarrad of Modjarrad, Abusaad, Said (the "MAS Law Firm") would be substituting into

this case and a state court case filed by Versacom on July 11, 2013 against one of the named

plaintiffs and two opt-in plaintiffs in this case. *Id.* at ¶4.  The state court case was tried to a jury in

the 416th District Court of Collin County, Texas (the "State Litigation")[7] from May 23, 2016 to

May 31, 2016.

Key Harrington had previously attempted to withdraw from the State Litigation and have

the MAS Law Firm substitute into the case three weeks before trial.  (*See* Key Harrington's Motion

to Substitute Counsel and Motion for Continuance of the State Litigation, APP 049 - 055). Key

Harrington represented to the Judge in the State Litigation court that it asked Versacom to obtain

new counsel because differences between it and Versacom regarding "trial strategy and strategy

on how to prosecute the case."  *Id.* at ¶4.  However, when the MAS Law Firm represented to the

judge in the State Litigation that it could not be ready to try the case with a thirty day continuance,

the State Litigation court denied Key Harrington's motion.  (Dkt. No. 181, ¶5).  Key Harrington

thereafter tried the State Litigation without a guarantee from Defendants that it would be paid for

trying the case or for its previous representation of Defendants. *Id.* at ¶6.

In its motion for withdrawal in this case, Key Harrington represented to the Court that the

MAS Law Firm had obtained the files in this case more than a month before Key Harrington filed

its motion to withdraw.  *Id.* at ¶4.  Key Harrington also represented to the Court that Defendants

sought to delay Key Harrington's withdrawal from this case while Defendants negotiated with the

---

[6] Similar to Strasburger's Motion to Withdraw, Key Harrington represented that it was withdrawing "because a situation has arisen between the Defendants and Key Harrington that cannot be reconciled and precludes Key Harrington's continued representation of Defendants." (Dkt. No. 181, ¶2).
[7] Key Harrington represented Versacom continuously in the State Litigation from February 11, 2014 through conclusion of the trial on May 31, 2016.

**Plaintiffs' Response To Defendants' Motion for**
**Leave to Exchange and File Pretrial Materials**                                                    **Page 7 of 21**

MAS Law Firm regarding its substitution in the case.  *Id.* at ¶7-8 ("still in the process of effectuating the substitution").  Key Harrington informed the Court of Plaintiffs position regarding Key Harrington's motion in its certificate of conference. *Id.*  Plaintiffs informed Key Harrington that they were not opposed to its withdrawal so long as its withdrawal would not require a continuance of the August trial date.  *Id.*  On July 6, 2016, this Court granted Key Harrington's Motion for Withdrawal of Counsel, and in a separate order, required corporate defendant Versacom to retain new counsel within twenty-eight days (August 3, 2016)[8]. (Dkt. Nos. 182 and 183).

On July 11, 2016[9] and pursuant to the Court's December 9, 2016 Trial Setting Order, Plaintiffs served its pretrial disclosures on Defendants.[10] (*See* Letter Serving Pretrial Disclosures, APP 056).  Despite the fact that two of the defendants could proceed *pro se*, all Defendants failed to serve or file pre-trial disclosures to Plaintiffs before expiration of the deadline.

Prior to serving pre-trial disclosures, Plaintiffs' counsel, Antonio Allen, spoke to Mr. al-Amin to verify Mr. and Mrs. al-Amin's email addresses for service of pretrial disclosures.  Mr. al-Amin represented to Plaintiffs' counsel that Defendants' new counsel would be contacting him later in the afternoon.  After no call from Defendants' new counsel came, Plaintiffs' counsel called Mr. al-Amin again.   During this call, Mr. al-Amin indicated that Defendants were still not represented by counsel.

On July 15, 2016, counsel for Plaintiffs contacted Mr. and Mrs. al-Amin via email in order

---

[8] Just as its previous order requiring Versacom to retain new counsel, the July 6th Order made it clear that the order to retain new counsel did not apply to the individual defendants. (Dkt. No. 183).

[9] Because the deadline in the Court's order (July 9, 2016) fell on a Saturday, the deadline was automatically extended to Monday, July 11, 2016.

[10] Plaintiffs timely served its pre-trial disclosures on Defendants, but Plaintiffs did not timely file their pre-trial disclosures with the Court.  Plaintiffs' motion for leave to file pre-trial disclosures is pending before the Court. (Dkt. No. 187).

to conference on a motion requesting that the Court refer the case to a Magistrate Judge for a settlement conference before trial.  (*See* July 15/16 Email Exchange between Mr. al-Amin and Antonio regarding Settlement Conference, APP 057 – 059).  On July 16, 2016, Mr. al-Amin sent an email response asking Defendants not to file the motion until Defendants had new counsel.  *Id.* Mr. al-Amin represented that Defendants were "in the midst of engaging new counsel and [were] scheduled to meet with them on Tuesday," July 19, 2016.  *Id.*

Plaintiffs filed their motion for referral to Magistrate Judge Paul Stickney for Settlement Conference on July 18, 2016, noting Defendant's opposition given that they did not have counsel at that time. (Dkt. No. 184).  On July 20, 2016, this Court granted Plaintiffs' motion and referred the parties to Judge Stickney for a settlement conference.  (Dkt. No. 185).

On July 22, 2016, Plaintiffs' counsel sent Defendants a draft of their proposed pre-trial order and asked Defendants to input their information where noted in the draft before noon on July 25th so that the pretrial order could be timely submitted to the Court.  (*See* App. 1 – Motion for Sanctions).  During a phone call with Mr. al-Amin on July 22nd, Plaintiffs' counsel reiterated the need for Defendants to provide their input for the pre-trial order in a timely manner to insure that the required Judge's copy could be hand delivered to the Court on July 25th.  Defendants failed to provide any input to Plaintiffs' counsel, and despite Plaintiffs' counsel urging of Mr. al-Amin to do so, stated in an email that Defendants could not comply with the Court's Trial Setting Order without representation by counsel.  (*See* July 22 Email from Antonio Allen to Mr. and Mrs. al-Amin, APP 060).  As a result of Defendants refusal to participate in the submission of the pre-trial order, Plaintiffs had no choice but to submit their own proposed pretrial order to the Court without Defendants' input. (*See* Email Exchange Between Mr. al-Amin and Antonio Allen, APP 061 – 062).

Defendants also refused to comply with the Court's Trial Setting Order to file: (1) exhibit list, (2) witness list, (3) proposed voir dire instructions, (4) motions in limine, (5) deposition designations, and (6) proposed jury instructions and questions which were July 25, 2016. *Id.* Despite Defendants refusal to participate in the pre-trial process, Plaintiffs timely filed and served all trial materials due on July 25, 2016. (Dkt. Nos. 188, 189, 190, 191, 192, and 193). Plaintiffs also provided Defendants access to Plaintiffs trial exhibits. (*See* July 25, 2016 Email sending link to Plaintiffs' Exhibits). As of the filing of this motion, Defendants have not served Plaintiffs with any of its pretrial material.

On July 27, 2016, Plaintiffs filed their Motion for Sanctions for Defendants' Non-Compliance with the Court's Trial Setting Order asking the Court to strike Defendants pleadings and defenses. (Dkt. No. 194). Upon receipt of the Motion for Sanctions, Mr. al-Amin responded via email that he did not believe "that the court would find it reasonable or expect us to file [pretrial] documents without an attorney." (*See* July 27, 2016 Email Exchange between Mr. al-Amin and Antonio Allen Regarding Motion for Sanctions, APP 065 – 066).

At 1:02 p.m. on July 29, 2016, Sean Modjarrad of the MAS Law Firm contacted Plaintiffs' counsel to inform them that they had been retained by Defendants on July 28, 2016. (*See* July 29, 2016 Email Exchange between Sean Modjarrad and Antonio Allen regarding retention by Defendants, APP 073). Mr. Modjarrad asked to schedule a conference call with Plaintiffs' counsel on August 1, 2016. Plaintiffs' counsel indicated that he would be available, and he asked Mr. Modjarrad what he anticipated the topics of the conference call to be. *Id.* At 5:44 p.m., Mr. Modjarrad sent an email indicating that after filing his notice of appearance, the MAS Law Firm would be filing two motions: (1) Motion for Continuance and Modification of Discovery Order to permit deposition of Plaintiffs' expert and written/deposition testimony from additional opt in

Plaintiffs; and (2) Motion for Leave to File Late Pretrial Documents. (*See* July 29 Email Exchange Regarding Conference on Motions, APP 067 - 073). Because the MAS Law Firm had not yet filed its notice of appearance in the case, Plaintiffs' counsel responded that "we will let you know our position on your motions after you file you NOA, but no later than noon on Monday. We can discuss during our call on Monday." *Id.* Mr. Modjarrad responded by saying "very well" and providing a list of topics to discuss during the scheduled August 1st call. *Id.*

At 6:35 p.m., the MAS Law Firm filed its notice of appearance. (Dkt. No. 197). At 8:28 p.m. and 8:47 p.m. respectively, the Defendants filed a Motion for Continuance and Modification of Discovery Order and a Motion for Leave to Exchange and File Late Pretrial Materials. (Dkt. Nos. 198 and 201). Plaintiffs are vehemently opposed to both of Defendants motions.

## II.   ARGUMENT

Although a court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner, this is certainly not a case in which the Court should do so. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991); *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990). A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). To determine whether good cause exists, the Court should consider four factors: (1) the explanation for the delay; (2) the importance the discovery sought; (3) the prejudice to the opposing party; and (4) the availability of a continuance or other relief to mitigate the prejudice. *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

### A.   <u>Defendants Provide No Reasonable Explanation For A Continuance or Modification of Scheduling Order.</u>

As best as Plaintiffs' counsel can discern, Defendants' motion asks the Court to grant a

continuance and modification of the scheduling order for the following reasons: (1) Defendants want to depose Plaintiffs' damages expert because they neglected to do so during the last two years; (2) Defendants want to conduct written and oral discovery on additional opt-in Plaintiffs although they have already served and received responses for written discovery on all seventy-two opt-in plaintiffs; (3) Defendants want to investigate the trial testimony of one of the named plaintiffs regarding a claim made by corporate defendant Versacom in the State Litigation which Versacom prosecuted for three years; and (4) Defendants want three to six months for their new counsel – the MAS Law Firm – to prepare for trial even though Defendants engaged the MAS Law Firm months ago but waited until the last possible moment to retain them as counsel in this case.

The Court should deny Defendants' motion for continuance and for additional discovery because this request is solely for delay and, if granted, Plaintiffs will be prejudiced.  In addition, the Court should deny Defendants' motion because the Affidavits attached are defective.

## 1. Defendants Have Known the Identity and Subject Matter of Plaintiffs' Damage Expert's Testimony for Two Years.

Defendants ask this Court to grant them a do over.  Without any explanation as to why they failed to depose Plaintiffs' damage expert, Defendants want this court to ignore the last two years of litigation.  Plaintiffs timely disclosed their damages expert with a report from the expert on August 1, 2014.  Plaintiffs timely served amended expert reports to Defendants on December 3, 2014 and July 11, 2016 (Dkt. 200, App. 48-65).  In their motion, Defendants claim that they need to depose Plaintiffs damage expert in order "to ascertain the basis of Plaintiffs' expert's testimony, which is largely based upon conversations he had with Plaintiffs." (Dkt. No. 199, ¶49).  Defendants now make this allegation even though their own expert was apparently satisfied with Plaintiffs' damage expert's methodology. (*See*, Defendants' Expert Report, APP 074 – 089).

Like many of the allegations in Defendants' motion, this is simply not true. Plaintiffs' damage expert's report provides a detailed explanation of the basis for his opinions and the evidence considered in forming those opinions. (Dkt. 200, App. 55-58). Even if the damage Expert's explanation of the basis and evidence used to form his opinion was not sufficient to prompt Defendants to request a deposition, the colossal spreadsheet attached to the report with the actual numbers and damages for each of the named Plaintiffs should have given the Defendants a clue. (Dkt. 200, App. 64-65). *Reliance Ins. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case.").

Both Key Harrington and Strasburger had the opportunity to request a deposition of Plaintiffs' damage expert, but chose not to. Given the reasons provided by Strasburger and Key Harrington for withdrawal, the Court should ponder whether that decision had more to do with Defendants' strategic priorities. Unbelievably, Defendants state the obvious by opining that they could not "know whether the Plaintiffs' expert will be able to opine on the damages of [opt-in plaintiffs] unless and until the Motion for Decertification of Class is decided by the Court." This appears to be an admission that their decision not to depose Plaintiffs' damage expert was a strategic decision – one that they now apparently regret.

## 2. Defendants Have Already Conducted Written and Oral Discovery on Opt-In Plaintiffs.

Another regret that Defendants apparently have is the lack of discovery conducted on opt-in Plaintiffs. According to Mr. Mojarrad's affidavit, Defendants served written discovery on only six opt-in plaintiffs. (Dkt. No. 200, App. 68-69). The problem with this allegation is that it is wholly and completely untrue. Defendants' served written discovery on all of the opt-in Plaintiffs,

with most of the discovery being served in June, 2015.  It took a monumental effort on the part of every member of Plaintiffs' counsel's firm to get responses from the opt-in Plaintiffs in order to respond to fifteen interrogatories and fifty-four production requests for each opt-in Plaintiff.

Defendants conducted five depositions of opt-in Plaintiffs between September 14, 2015 and December 11, 2015.    This occurred after the Court granted Defendants' motion for a modification of the Court's scheduling order specifically for the purpose of allowing Defendants to conduct unfettered and unlimited discovery of opt-in Plaintiffs.  (Dkt. No. 129).  The Court specifically indicated that Defendants could request the Court to allow them to conduct more than the ten depositions allowed each party under the Federal Rules.  However, not only did Defendants fail to ever make such a request, they did not even conduct the number of depositions allowed under the Rules.

Now, Defendants make the ridiculous claim that they "did not wish to waste the resources of both parties by deposing [opt-in Plaintiffs] in the event the Court granted their Motion for Decertification of the [collective action].  (Dkt. No. 199, ¶52).  Apparently, Defendants' concern for wasting resources does not extend to unreasonably and unnecessarily extending and increasing the cost of litigation by asking for a continuance and more discovery after refusing and/or failing to comply with the Court's Trial Setting Order.

### 3. Defendants Have Not Shown How Loc Tran's Testimony From the State Litigation Is Either Relevant or Material to These Proceedings

Defendants' Motion alleges that there was testimony by Loc Tran and Tuan Ngo "regarding time expended in activities in conflict with Versacom during the time that they were employed by Versacom." (Dkt. No. 199, ¶30).  Defendants have not alleged any facts in their motion showing the relevance and materiality of the testimony.  *See Gardner v. Federated Dep't Stores, Inc.*, 907

F.2d 1348, 1354 (2d Cir. 1990) (denying request for continuance to seek testimony of new witness because the probative value of the testimony was speculative).

Loc Tran is a named Plaintiff in this lawsuit, and Defendants will be able to cross examine him in this case. Furthermore, Defendants' counsel could have explored whether and how much time if any, Mr. Tran spent working for a competing business in any of the **3 depositions** taken of him by Defendants' counsel over the course of two lawsuits. There were no such questions asked by Defendants' Counsel during Mr. Tran's deposition in this case on March 15, 2015 although both cases were on file and Defendants clearly had some indication that Versacom thought that Mr. Tran worked for Versacom and a competing business at the same time. Two months before Mr. Tran was deposed by Defendants, Mr. al-Amin testified that there was proof Mr. Tran was working for a competing company in the Chicago Market in 2013. (See Excerpt of Mr. al-Amin's January 14, 2015 Deposition, APP 090 – 095). Mr. al-Amin even claims in his deposition that proof of this is in documents produced by Mr. Tran. *Id.* Defendants offer no explanation in their motion as to why this line of questioning was not explored two months later when Mr. Tran was deposed.

Interestingly, Defendants attach a July 28, 2016 email to the court reporter in the State Litigation requesting portions of the trial transcript. (Dkt. No. 200, App. 85). The State Litigation Verdict was on May 31, 2016. If the transcript was so critical to this case, why did it take Mr. al-Amin three months to ask for it? This appears to be nothing more than a thinly veiled attempt by the Defendants to create a valid reason for their unnecessary and unwarranted request for a continuance.

**4.  Defendants' Had More Than Ample Time To Retain New Counsel To Prepare and Try This Case.**

Defendants' final excuse for needing a continuance is that their new counsel needs 90-180 days to review this case and prepare for trial.  However, that excuse does not hold water because it was the Defendants that controlled when new counsel would appear in this case.  Defendants offer no plausible explanation about why the Defendants waited until a few days before the Court's deadline to retain an attorney when they knew that this case was scheduled for trial in August.

It is clear that Defendants chose to wait until the Court's pretrial deadlines expired before "retaining" the MAS Law Firm because they do not want this case to go to trial.  The August 8th trial date has been known to the parties for almost eight months.  During that timeframe, Defendants attempted the same delaying tactic in the State Litigation as they are attempting in this Court.

Despite the dire picture Defendants' motion attempts to portray, it turns out that Defendants' "new counsel" is not so new after all!  The MAS Law Firm was apparently available to Defendants long before the expiration of the Court's deadlines.  Just days before the trial in the State Litigation, the Mr. Mojarrad appeared at a hearing allegedly prepared to take over the prosecution of that case – but only if the court granted a continuance until after this case was tried.  When the Judge in the State Litigation refused to provide more than a thirty day continuance, Mr. Modjarrad and the MAS Law Firm galloped away leaving Key Harrington holding the bag.

Key Harrington's motion for withdrawal in this case makes it clear that the MAS Law Firm was also engaged by Defendants on this case prior to its appearance at the State Litigation hearing in May.  Key Harrington represented to this Court that it had already turned over the files in this case to Mr. Mojarrad before filing its motion to withdraw.  Given the conflicting

representations, it appears that either Key Harrington or Defendants and Mr. Mojarrad have made material misrepresentations to this Court.[11]   In either case, those misrepresentations and Defendants' contemptuous conduct should not be visited on the Plaintiffs.

Defendants actually had two-hundred sixty-four days to retain new counsel for this case. If Key Harrington's representations in its November 13, 2015 notice of appearance is to be believed (and Plaintiffs are aware of no reason it should not be believed), Key Harrington intended that its representation of Defendants would be temporary.  Key Harrington's notice of appearance makes it clear that, if Defendants' indebtedness to Key Harrington did not change, Key Harrington would not "fully commit to undertaking representation of Versacom through the conclusion of this matter."  Key Harrington confirmed in their motion for withdrawal that Defendants' indebtedness had not been resolved.  Certainly, Defendants are not now representing to this Court that they were not aware of Key Harrington's position with regard to preparing and trying this case.

Defendants' retention of legal representation was solely in their control, and nothing in the Court's July 6th order prevented them from either honoring their agreement with Key Harrington or "retaining" the MAS Law Firm, or one of the other four law firms mentioned in their motion earlier to either insure readiness for trial or ask the Court for a continuance (before pretrial deadlines had expired).  Based on the misrepresentations in their motion, the timing of the MAS Law Firm's appearance in this case, and Defendants past conduct,  this Court should conclude that Defendants had other less honorable motives for waiting until the last hour to allow the MAS Law Firm to file an appearance in this case – Delay. Delay. Delay.

---

[11] Mr. Modjarrad's Affidavit makes a point of specifying that he received an "electronic copy" of the file on July 28, 2016.  If Mr. Modjarrad received the file in some other format prior to July 28th, both his and Key Harrington's representations to this Court would be technically accurate. However if that is so, the representations in Mr. Modjarrad's affidavit would certainly be a material misrepresentation to this Court.

**B. <u>A Continuance and/or Modification of Scheduling Order Will Prejudice Plaintiffs</u>**

If the Court grants Defendants' motion for a continuance and/or Modification of Scheduling Order, Plaintiffs will be prejudiced. Defendants' request is an attempt by Defendants to recover from the self-inflicted wound caused by failing and/or refusing to adhere to the deadlines of the Court's Trial Setting Order. Perhaps Defendants hope their "don't ask for permission, ask for forgiveness" strategy will frustrate Plaintiffs and cause them to abandon their claims. *Salinas v. O'Reilly Auto., Inc.*, CIV.A.3:04-CV-1861-B, 2005 WL 3783598, at *1 (N.D. Tex. Nov. 17, 2005) ("A collective action under the FLSA is designed to serve the dual purposes of vindicating FLSA rights while conserving judicial resources.").

This case has been on the court's docket for nearly three years. Plaintiffs' counsel has diligently and zealously prosecuted this case as evidenced by the more than two hundred filings on the Court's docket and over eighteen hundred hours billed by Plaintiffs' counsel. Some of the Plaintiffs in this case are seeking wages that should have been paid to them over six years ago. Any extension of time coupled with a continuance of the trial setting will require Plaintiffs' counsel to needlessly expend even more time and money prosecuting this case.

As the Court is aware, Plaintiffs' counsel is prosecuting this collective action on a contingency basis because of the relatively small claims involved. (Dkt. No. 17, pg. 23-26). Plaintiffs have already incurred close to $500,000 in legal fees and expenses – some of which were driven by Defendants' constant and dogged opposition to Plaintiffs' efforts to conduct discovery in this case. (Dkt. Nos. 28, 41, 66, and 155). There is no question that a continuance and additional discovery in this case will prejudice Plaintiffs.

### III.   CONCLUSION

Good cause does not exist for granting Defendants requested continuance or a modification of the scheduling order. If the Court rewards Defendants willful disregard for the Court's docket and judicial resources by granting this Defendants' motion, other litigants before the Court might very well use Defendants' tactics to frustrate the purposes of the FLSA and waste judicial resources.  For the reasons stated above, Plaintiffs ask the Court to deny Defendants' Motion for Continuance and Motion for Modification of Scheduling Order.

By:     /s/ Antonio U. Allen
Lu Pham
Texas Bar No. 15895430
Caroline C. Harrison
Texas Bar 24046034
Antonio U. Allen
Texas Bar No. 24069045
DOWELL PHAM HARRISON LLP
505 Pecan St, Suite 101
Fort Worth, Texas 76102
(817) 632-6300
(817) 632-6313 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 1st day of August, 2016.

 /s/ Antonio U. Allen
Antonio U. Allen