IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY NGUYEN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-4689-D |
| VS. | § | |
| | § | |
| VERSACOM, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this Fair Labor Standards Act ("FLSA") collective action, lead plaintiffs Tommy

Nguyen, Paulus Niekdam, and Loc Tran ("Tran") (collectively "plaintiffs"), and defendants

Versacom LLC ("Versacom") and Muhammad and Afreen Al-Amin (the "Al-Amins") seek

various forms of relief related to missed pretrial disclosure deadlines from the previous trial

setting.  Defendants also seek leave to file a motion to strike opt-in plaintiffs.  For the reasons

that follow, the court grants the motions in part and denies them in part.

I

Defendants' recent change of counsel is central to the motions under consideration.

Key Harrington Barnes, PC ("Key Harrington") represented defendants for several months

in 2016.  Key Harrington also represented defendants in a parallel state court proceeding.

Versacom and the Al-Amins, who were plaintiffs in that case, filed a motion in state court

on May 2, 2016 to substitute counsel and stay or continue trial setting.  Their motion asked

the state court to permit substitution of attorney Sean Modjarrad, Esquire ("Modjarrad") for

Key Harrington.  Modjarrad appeared at a hearing on the motion and represented that he required greater than 30 days to prepare the case for trial.  The court subsequently denied the motion, and Key Harrington was compelled to try the case in state court.  Trial ran from May 23 to May 31, 2016.

The state court litigation plays a role in arguments on the instant motions about the scope of discovery.  In the state court case, Versacom elicited testimony from Tran and a fellow employee about their outside activities while employed by Versacom, which were alleged to have breached duties to Versacom.  Separately, in this federal case, defendants conducted written discovery regarding 71 of the 72 opt-in plaintiffs and took the depositions of, *inter alia*, plaintiff Tran and multiple opt-in plaintiffs.  Defendants did not depose plaintiffs' damages expert, who submitted a report.

Meanwhile, Key Harrington continued to represent Versacom and the Al-Amins in this court until July 6, 2016, when the court granted Key Harrington's motion to withdraw. The court on July 6 ordered Versacom to obtain new counsel within 28 days.  Defendants retained Modjarrad on July 28, and filed two of the instant motions the following day.

This case was set for trial on the two-week docket of August 8, 2016.  The trial setting order called, *inter alia*, for Fed. R. Civ. P. 26(a)(3) disclosures to be made 30 days before August 8.  And it required that exhibits, exhibit lists, and witness lists be exchanged, deposition excerpts be designated, and requested jury instructions and questions be filed 14 days before the August 8 trial date.

Defendants did not file or exchange any of the required pretrial materials by the

- 2 -

deadlines specified in the trial setting order.  They were without counsel between July 6—when the court granted Key Harrington's motion to withdraw—and July 28—when defendants retained their current counsel, Modjarrad.  Plaintiffs' counsel sought Al-Amin's input on the joint proposed pretrial order, but he declined to participate without the assistance of counsel.  As a result, plaintiffs filed their own proposed pretrial order.  Plaintiffs also timely served the required pretrial materials on defendants, but did not timely file certain pretrial disclosures, as the trial setting order required.  Finally, plaintiffs served a supplemental report from their damages expert on July 18, 2016.

On its own initiative, and for reasons unrelated to the specific circumstances of this case, the court later continued the trial to the two-week docket of February 6, 2017.  The court filed the continuance order on August 8, the same date when the two-week trial docket was scheduled to have begun.

The following motions are pending for decision: plaintiffs' July 22, 2016 motion for leave to file pretrial disclosures; plaintiffs' July 27, 2016 motion for sanctions for defendants' noncompliance with court's trial setting order; defendants' July 29, 2016 motion for continuance of discovery deadline and to modify scheduling order; defendants' July 29, 2016 motion for leave to exchange and file late pretrial materials[1]; and defendants' motion for

---

[1]Defendants filed what appears to be a duplicate of this motion on the same date.  The court denies the motion as duplicative of a prior-filed motion.

- 3 -

leave to file motion to strike opt-in plaintiffs and streamline class action.[2]   After these motions were fully briefed, the court denied defendants' earlier-filed motion to decertify the collective action.  *See Nguyen v. Versacom, LLC*, 2016 WL 6650860 (N.D. Tex. Nov. 9, 2016) (Fitzwater, J.).

II

The court first addresses defendants' July 29, 2016 motion for continuance of discovery deadline and to modify scheduling order.  "Defendants seek the modification of the Court's Scheduling Order for the purposes of continuing the trial and completing additional discovery."  Ds. Br. 10.

A

Defendants move to continue the trial for two reasons: to allow their new counsel to prepare for trial, and to acquire a transcript of Tran's testimony in the state court case.  Both of these purposes were fully accommodated when the court, on its own initiative, continued the trial from August 8, 2016 to the two-week docket of February 6, 2017.  This is so despite the fact that defendants seek additional discovery, because the court is denying in § II(B) their motion to modify the scheduling order to permit additional discovery.  Accordingly, defendants' motion to continue the trial is denied.

_____

[2]Plaintiffs also filed a motion in limine.  Because such motions are almost always addressed at the pretrial conference, the court is terminating that motion statistically.

B

Defendants also move for a continuance of the discovery deadline to permit additional discovery.

Rule 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.* The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S & W Enters.*, 315 F.3d at 536). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Defendants offer two reasons for seeking additional discovery: to depose plaintiffs' damages expert and to seek additional discovery from some opt-in plaintiffs. Defendants maintain that the need to depose plaintiffs' damages expert arose after hearing Tran's

testimony in the state court case, because Tran's testimony suggested that some plaintiffs were working on outside projects while working for Versacom.  Defendants posit that it would become more important to depose additional opt-in plaintiffs if the court denied defendants' motion to decertify, which the court ultimately did.

Defendants have not made the required showing of good cause to warrant reopening discovery.  Regarding the first factor of the good cause standard, defendants offer no explanation for their failure to complete discovery within the allotted period other than that new information became available, and, implicitly, that they retained new counsel.  But defendants long had notice that some plaintiffs might have been splitting their work time between Versacom and other employment; this was a fundamental premise of Versacom's first-filed state court case.  And the recent change of counsel does not entitle defendants to attempt to undo the strategic choices made by their prior counsel.  Regarding the third and fourth factors of the good cause standard, reopening discovery would unacceptably delay the trial and penalize plaintiffs for their comparative diligence in litigating the case, and a continuance would exacerbate rather than cure the prejudice.[3]

Considering the four factors holistically, the court holds that defendants have not made the required showing of good cause to reopen discovery.  *See Serv. Temps*, 2009 WL

---

[3]The court is not suggesting that it will (or will not) be able to reach the case at the February 2017 trial setting.  Unfortunately, this court's civil docket has been adversely impacted by the loss of judges in the Dallas Division and its increased responsibilities for criminal cases in this division and in the Amarillo Division.  Because criminal cases take precedence over civil cases, this has adversely impacted recent civil trial dockets.

3294863, at *3.  Accordingly, defendants' motion for a continuance of the discovery deadline

to permit additional discovery is denied.

### III

Defendants also move for leave to exchange and file late pretrial materials.

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified

time, the court may, for good cause, extend the time . . . on motion made after the time has

expired if the party failed to act because of excusable neglect."  "Excusable neglect is

intended and has proven to be quite elastic in its application.  In essence it is an equitable

concept that must take account of all relevant circumstances of the party's failure to act

within the required time." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, 2008 WL

898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, C.J.) (citation omitted).  Excusable

neglect encompasses "late filings [that] were due to mistake, inadvertence or carelessness and

not to bad faith[.]"  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)

(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)

(construing bankruptcy counterpart to Rule 6(b)(1)(B))).

"There are four non-exclusive factors for determining whether a late filing may

constitute 'excusable neglect': (1) the danger of prejudice to the other party, (2) the length

of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4)

whether the movant acted in good faith."  *Kretchmer v. Eveden, Inc.*, 2009 WL 1939036, at

*1 (N.D. Tex. July 2, 2009) (Fitzwater, C.J.) (citing *Pioneer*, 507 U.S. at 395), *aff'd*, 374

Fed. Appx. 493 (5th Cir. 2010).  Because the four factors for evaluating excusable neglect

are similar to the four factors of the good cause standard, *see supra* § II (setting out good cause standard), and because defendants must cross both hurdles to be entitled to the relief they seek, the court will discuss them together.

Defendants contend that they missed the deadlines to file pretrial materials due to excusable neglect, and that good cause exists to permit late filing.  Regarding the *prejudice* factor, defendants argue that plaintiffs will not be prejudiced by the late filings because plaintiffs' counsel is already familiar with the substance of the case; they maintain that this is particularly true in light of the court's *sua sponte* continuance of the trial, which will enable defendants to meet the equivalents of the original deadlines before a new trial date. As for the *delay* factor, defendants contend that permitting them to file their pretrial materials will cause no delay because the trial was already continued for other reasons.  Concerning the *explanation* for their failure to file, defendants posit that they were unrepresented when the deadlines passed, and although they arguably should have exercised better diligence to meet these deadlines, or retained new counsel in time to do so, their actions fall within the "inadvertence or carelessness" permitted under excusable neglect.  *Panis*, 60 F.3d at 1494. Defendants also maintain that there is no evidence establishing that they acted other than in *good faith* concerning the pretrial disclosure deadlines.  Finally, defendants contend that their pretrial disclosures are *important* both to permit them to proceed to trial and to inform the court and opposing parties of their trial evidence.

Defendants have shown that their failure to file pretrial disclosures was a result of excusable neglect, *see Kretchmer*, 2009 WL 1939036, at *1, and that there is good cause to

permit the late filings, *see Cartier*, 2009 WL 614820, at *3, particularly considering that the trial date was delayed for almost six months.  Plaintiffs maintain that defendants acted in bad faith when they were aware of the deadlines but chose to ignore them.   According to plaintiffs, defendants were in contact with Modjarrad months before the date he is said to have been retained.  This information, however, essentially establishes only that defendants acted inadvertently or carelessly when they failed to act *pro se* (Versacom, of course, could not have proceeded *pro se*) or to retain counsel in time to meet the deadlines. Accordingly, defendants' motion for leave to exchange and file late pretrial materials is granted, and it must satisfy the deadlines that apply to the February 6, 2017 trial docket setting.

IV

The court now turns to plaintiffs' motion for leave to file pretrial disclosures.  The Rule 6(b)(1)(B) requirements of excusable neglect and good cause for the court to extend the time for filing apply to this motion.  *See supra* §§ II and III (setting out excusable neglect and good cause standards).  Plaintiffs maintain that they have met these standards because they timely served their disclosures on opposing parties, failed only to file copies with the court, and promptly corrected the oversight by filing the instant motion.  For these reasons, and also because the *sua sponte* continuance of the trial cured any possible prejudice, the court holds that plaintiffs have satisfied the excusable neglect standard, *see Kretchmer*, 2009 WL 1939036, at *1, and the good cause standard, *see Cartier*, 2009 WL 614820, at *3. Accordingly, plaintiffs' motion for leave to file pretrial disclosures is granted.

V

Defendants move for leave to file a motion to strike opt-in plaintiffs. Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(4), as set out above, provides that the scheduling order may be modified only for good cause and with the judge's consent. *See supra* § II (setting out good cause standard).

Defendants ask for leave on the basis that plaintiffs supplemented their damages expert report after the discovery and motion deadlines had passed. Defendants maintain that plaintiffs' late expert supplement provides good cause for defendants now to file a motion to strike opt-in plaintiffs. They contend that there is a good explanation for not having filed the motion earlier: plaintiffs' expert report supplement was disclosed after the motions deadline expired. Defendants also appear to argue that plaintiffs will not be prejudiced if leave is granted, because although plaintiffs insisted that discovery be closed they nevertheless made a late expert supplementation. Plaintiffs have not responded to this motion for leave.

Evaluating defendants' motion under the four-factor good cause standard, the court concludes that defendants have failed to demonstrate good cause. Regarding the first factor of the good cause standard, the court holds that defendants have a good explanation for not filing their motion to strike by the applicable scheduling order deadline: the proposed motion is based on a later-filed expert supplement. But as for the second factor, defendants have not shown why this motion is important. Their offered justification mostly relates to plaintiffs'

- 10 -

perceived abuse through the supplementation, not to the importance of the motion itself. The third and fourth factors—prejudice and the availability of a continuance—likewise do not favor defendants. This case is currently scheduled for trial in February 2017, and additional motions about the size of the collective action are incompatible with an orderly preparation for trial. *See, e.g.*, *Wright v. Blythe-Nelson*, 2001 WL 804529, at *3 n.9 (N.D. Tex. July 10, 2001) (Fitzwater, J.) ("The schedule that the court issues in civil cases is crafted to avoid such last-minute skirmishes by imposing a catch-all motion deadline.").

Considered holistically, the court holds that the four factors of the good cause standard weigh against granting leave to file a motion to strike opt-in plaintiffs. *See Serv. Temps*, 2009 WL 3294863, at *3. Accordingly, defendants' motion is denied.

## VI

Finally, the court turns to plaintiffs' motion for sanctions for defendants' noncompliance with court's trial setting order.

Unless the court orders otherwise (which it did not in this case), Rule 26(a)(3) requires that parties disclose information about their trial witnesses, applicable deposition excerpts, and trial exhibits at least 30 days before trial. Because defendants did not make the required disclosures, they are "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). "Rule 37(c)(1) . . . does not require witness preclusion for untimely disclosure if missing the deadline is harmless." *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003). "The district court has broad discretion in deciding whether

- 11 -

a Rule 26(a) violation is substantially justified or harmless." *Sea Side Villas II Horizontal*

*Prop. Regime v. Single Source Roofing Corp.*, 64 Fed. Appx. 367, 372 (4th Cir. 2003) (citing

*Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Hoffman v. L&M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.)

(citing *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004)

(Fitzwater, J.)); *accord, e.g.*, *Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208,

at *1 (N.D. Tex. June 26, 2014) (Horan, J.).   "The court considers the four-factor test

holistically.  It does not mechanically count the number of factors that favor each side."

*Hoffman*, 2013 WL 81578, at *3 n.7 (quoting *Serv. Temps*, 2009 WL 3294863, at *3)

(citations and internal quotation marks omitted).   Besides the sanction of excluding

defendants' evidence, the court may instead or in addition "order payment of the reasonable

expenses, including attorney's fees, caused by the failure," or "impose other appropriate

sanctions."  Rule 37(c)(1).

        Plaintiffs ask the court to sanction defendants for their failure to submit pretrial

disclosures by striking their defenses, entering default judgment, preventing them from

introducing evidence not timely disclosed, or awarding plaintiffs their attorney's fees caused

by the failure.   Plaintiffs maintain that more severe sanctions are warranted because

defendants have shown a history of delay, and defendants themselves (as opposed to their counsel) are responsible for delays that have prejudiced plaintiffs.

Defendants respond that plaintiffs were not prejudiced by the failure to file pretrial materials.  They maintain that plaintiffs had notice of their witnesses via initial and supplemental disclosures and responses to interrogatories.  And defendants contend that continuing the trial would cure any remaining prejudice.

Considering the four-factor test for harmlessness holistically, *see Hoffman*, 2013 WL 81578, at *3 n.7, the court holds that defendants' failure to make pretrial disclosures was harmless, and that defendants should be permitted to make the required disclosures in advance of the new trial date.  But although defendants' failure to comply with the court's trial setting order and Rule 26(a)(3) does not warrant the severe sanction of excluding defendants' evidence—essentially, entering a default judgment—plaintiffs are entitled to recover their attorney's fees caused by the failure.  *See* Rule 37(c)(1)(A); *see also In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) ("When a party fails to disclose information required by [Rule] 26(a) . . . the district court may order alternative sanctions as well, such as awarding costs and attorneys' fees to the other parties." (citations omitted)).  The court directs counsel to confer in a good faith attempt to agree on the amount of fees that defendants should pay plaintiffs for fees incurred due to defendants' failure to make pretrial disclosures.  If they cannot reach agreement, plaintiffs must file a fee application within 21 days of the date this memorandum opinion and order is filed.

Plaintiffs' motion for sanctions for defendants' noncompliance with court's trial

setting order is granted in part and denied in part.

\* \* \*

Accordingly, for the reasons explained, plaintiffs' July 22, 2016 motion for leave to file pretrial disclosures is granted; plaintiffs' July 27, 2016 motion for sanctions for defendants' noncompliance with court's trial setting order is granted in part and denied in part; defendants' July 29, 2016 motion for continuance of discovery deadline and to modify scheduling order is denied; defendants' July 29, 2016 motion for leave to exchange and file late pretrial materials is granted; defendants' July 29, 2016 motion for leave to exchange and file late pretrial materials (docketed as ECF 202) is denied as duplicative; defendants' motion for leave to file motion to strike opt-in plaintiffs and streamline class action is denied; and plaintiffs' motion is limine is statistically terminated and will be addressed at the pretrial conference.

**SO ORDERED**.

December 23, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE