**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

CASE NO. 3:13-cv-04689-D

TOMMY NGUYEN, PAULUS NIEKDAM, and LOC TRAN, Individually and on Behalf of All
Others Similarly Situated

vs.

VERSACOM, LLC; MUHAMMAD AL-AMIN, Individually; AFREEN AL-AMIN, Individually

UPDATED SUPPLEMENTAL EXPERT REPORT OF DAVID BRESHEARS, CPA/CFF

## I.      Introduction

1.  The opinions expressed in this report are my present opinions subject to the following reservations.  Amendments or additions to this report may be required as a result of developments prior to or at trial, including, but not limited to, the discovery of new evidence, expert discovery, and the testimony of any other witness in deposition or at trial.

2.  I anticipate using at trial selected exhibits attached to this report, documents reviewed in connection with their preparation, enhanced graphic versions of selected exhibits included in this report (i.e., redrafted to improve their presentation quality) and additional graphics illustrating concepts described in this report.

## II.     Assignment

3.  I have been retained by counsel for the Plaintiff in the matter of Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. ("Plaintiffs") v. Versacom, LLC; Muhammad Al-Amin; and Afreen Al-Amin ("Defendants").  Versacom is a nationwide provider of installation, integration, and testing services related to maintenance and upgrades of wireless and wired telecommunication networks.  Versacom employs field wireless technicians on a project-by-project basis.  Plaintiffs, as Field Wireless Technicians ("Technicians") have alleged that they were not properly compensated for all overtime hours worked at the correct regular rate of pay.

4.  I previously issued a report, dated December 3, 2014, in which I was asked to calculate the amount of potential damages, including interest and liquidated damages, for the three named Plaintiffs.

5.  I have been asked to calculate the amount of potential damages, including interest and liquidated damages, for 73 additional opt-in Plaintiffs due to Defendants' alleged failures to pay the legally required minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA"), assuming the damage period extends back three years from when the Plaintiff opted in through his last date of completed work orders or the date of trial.  I have also been asked to calculate the amount of potential damages, assuming the damage period extends back three years from the earlier of when the Plaintiff opted in or when the motion to compel was filed.

6.  As discussed in my previous report, based on my review of the documents in this case and from discussion with counsel, it is my understanding that Plaintiffs were typically compensated in one or more of the following ways:

    a.  Hourly Rate – Technicians were paid an hourly rate and were reimbursed or provided a per diem for certain business expenses such as parking, tolls, lodging, meals, and mileage.

    b.  Daily Rate - Technicians were paid a project specific daily rate.  The project specific daily rate may be all inclusive of expenses, with 50% of the rate considered to be per diem.[1]  In addition, the project specific daily rate would reflect the expectation of the number of hours to be worked.  Based on my review of the two offer letters

---

[1] It is my understanding from counsel that, in February 2013, the daily rate was no longer inclusive of expenses.

produced, it appears that the technician was expected to work 12 hours per day when paid on a daily rate.[2]

   c. Site Rate – Technicians were paid a project specific rate after site completion.  I am informed by counsel that the project specific rate is not inclusive of expenses; that is, technicians were reimbursed for business expenses.

   d. Commission – Senior technicians were paid project specific commissions for duties such as scheduling, issue resolution, closeout package upload, timesheet review, and quality audit.[3]

7. Based on my review of the documents in this case and from discussion with counsel, it is my understanding that Versacom maintains weekly time reports.  These weekly time reports contain information, by technician and day, about the scope of work, the related number of hours, the related number of sites completed, and/or the related daily rate.

8. Based on my review of the documents in this case and from discussion with counsel, it is my understanding that Versacom also maintains payroll records of actual payments made to technicians.  These payroll records contain information about the number of hours paid, sites paid, or days paid; the related pay rates; and the related earnings.  They also contain information about the number of units, pay rates, and earnings related to commission, as well as the earnings related to bonus.

9. I have been informed by counsel that the earnings in the payroll records only relate to hours of certain installation tasks and not to all actual hours worked and needed to complete the installation.  Uncompensated hours may include, among others, those outside the scope of the original project, those that exceed budgeted hours of a project, those related to technical issues, and those not pre-approved by "someone at the corporate office"[4].

10. I have been provided by counsel with claim worksheets showing information regarding what 38 of the additional opt-in Plaintiffs provided as their recollection as to their actual overtime hours worked per week related to a certain project, pay rate type, and approximate time period, which may not be reflected in the time reports or payroll records.  I have used these claim worksheets provided by Plaintiffs' counsel in conjunction with the time reports and payroll records to calculate the number of estimated weekly hours worked.  As of the date of this report, Defendants have not provided project specific information which would allow me to potentially confirm or substantiate the reasonableness of the Plaintiffs' provided estimates of overtime hours worked.  If additional information is provided, I can update my analysis accordingly.

## III.   Summary of Expert Qualifications

11. I am a Certified Public Accountant, licensed in the State of California, and Certified in Financial Forensics.  I am currently a partner at Hemming Morse, LLP, CPAs, Forensic and Financial Consultants.  My work in the accounting profession includes experience as an auditor and as a consultant.  My expert qualifications, including my testimony, are described in **Exhibit A** hereto.

---

[2] TRAN FLSA 001353: First Name Last Name TMO Midwest Offer Letter 01 21 2013 with attachment.pdf and TRAN FLSA 001434: Offer Letter for TMO Detroit.pdf.
[3] TRAN FLSA 001351: First Name Last Name TMO Midwest Offer Letter 01 21 2013 with attachment.pdf.
[4] Paragraph 7 of Declaration of Paulus Niekdam in Support of Plaintiffs' Motion for Conditional Certification dated July 3, 2014.

12. I have consulted on and/or testified in over 200 matters involving wage and hour-related disputes, including those arising under the FLSA and the California Labor Code.  These matters have involved allegations of unpaid overtime, off-the-clock work, meal and rest break violations, employment misclassification, time shaving, record keeping violations, and unreimbursed business expenses.

13. My firm has been compensated for my review and analysis in this matter at my standard hourly rate of $440 per hour.  Others have assisted me in my work and my firm has been compensated for their work at their standard hourly rates.

## IV.    Summary of Opinions

14. Based on their recollection of actual overtime hours worked per week, I have calculated estimated overtime and/or overtime premiums owed of $298,975[5] for the 38 opt-in Plaintiffs who provided claim worksheets based on their opt-in date (see also Updated **Exhibit 1**). This is in addition to amounts calculated in my previous report for the three named Plaintiffs.

15. As a consequence of violating the FLSA, Defendants may be subject to interest totaling $56,905 through July 9, 2016.

16. As a consequence of violating the FLSA, Defendants may be subject to liquidated damages totaling $298,975.

17. I have also calculated, as an alternative analysis, estimated overtime and/or overtime premiums owed of $314,035 for the 38 opt-in Plaintiffs who provided claim worksheets[6] based on the earlier of their opt-in date or the motion to compel date (see also **Exhibit 2**). As a consequence of violating the FLSA, Defendants may be subject to interest totaling $60,362 through July 9, 2016, as well as to liquidated damages totaling $314,035.

18. I have not currently calculated damages for the 35 additional opt-in Plaintiffs who did not prepare claim worksheets.

## V.     Evidence Considered

19. In undertaking my assignment, I have considered information from a variety of sources, each of which is of a type that is reasonably relied upon by experts in my field.  Those sources are identified throughout this report, as well as in **Exhibit B** to this report.

20. Specifically, I have relied on limited documents that can generally be described as one of the following: (a) earnings statements, (b) weekly time reports, (c) Plaintiffs' declarations, (d) offer letters with terms and conditions, and (e) claim worksheets containing estimates of actual overtime hours worked per week for each of 38 additional opt-in Plaintiffs.  As of the date of this report, it appears that full and complete data has not been produced, as there are pay periods with earnings statements but no related weekly time reports.  If additional information is provided, I can update my analysis accordingly.

## VI.    Basis of Opinions

---

[5] This amount, as well as related interest and liquidated damages, have changed from my supplemental expert report, issued July 9, 2016, due to a correction to the calculation of the regular rate of pay related to commission.
[6] Of the 38 opt-in Plaintiffs who provided claim worksheets, eight have pay periods included in the damage analysis (as described in paragraph 22) that fell outside the statute of limitations or do not have pay periods that were included in the damage analysis.  These eight opt-in Plaintiffs are Abdul-Hakeem Rashad, Edward Williams, Gary N. Moore, Goldie W. Moore, John H. Le, Minh V. Duong, Sang V. Vo, and Vinny T. Pham.

A010

21.  In general, when calculating potential damages related to unpaid overtime wages, there are two pieces of information needed to determine the amount of potential unpaid overtime wages.  The first piece of information is the number of actual hours worked in a work week by an individual, and the second piece of information is the amount of wages paid for the work week to the individual.

**Hours Worked**

22. Pay periods were included in the damage analysis if (a) the majority of the pay period fell within an approximate time period noted in the claim worksheet, (b) the pay period contained earnings of the related pay rate type, and (c) there is no related time report or the related time report shows that the Plaintiff worked on the related project.

23. For pay periods where there are weekly time reports, I have assumed that the Plaintiff worked in the week if there is a related weekly time report or if the other week's related weekly time report reflects less hours, site, and/or days than those paid in the pay period. For pay periods where there are no weekly time reports, I have assumed that the Plaintiff worked in each of the two work weeks.

24. I first estimated the number of hours worked for each work week based on (a) the Plaintiffs' recollection of actual hours worked per week and (b) the pay period's total amount of hourly, daily, and site earnings as a percentage, up to 100%, of the average pay period's total amount of hourly, daily, and site earnings within the approximate claim period.  For example, if the Plaintiff recalled 70 actual hours worked in a week with a total of $1,950 in hourly, daily, and site earnings in the pay period and an average total of $2,425 per pay period, I have estimated 56.29 hours worked in the week, or 80.41% (i.e., $1,950 / $2,425) of the 70 actual hours worked in a week.  I have not estimated hours worked for weeks where it appears that the Plaintiff did not work.

25. I then adjusted the number of hours worked in each work week for any standby hours or days.  For example, if a work week's records reflect 16 standby hours, I have decreased the number of hours worked in the week by 40%.

26. I am informed by counsel that the FLSA provides that hours worked over 40 in any work week constitute overtime hours.

27. For pay periods not included in the damage analysis, where there were no actual overtime hours worked, or where the Plaintiff could not recall the actual overtime hours worked, I have assumed no damages.

**Wages Paid**

28. As discussed above, the bi-weekly earnings statements of actual payments made to technicians contain information about the number of units paid under each of the different compensation plans (i.e., hourly rate, daily rate, or site rate), the related pay rates, and the related earnings.  They also contain information about the number of units, pay rates, and earnings related to commission, as well as the earnings related to bonus.  In addition, the bi-weekly earnings statements reflect any overtime premiums that were actually paid by Versacom.[7]

29. However, the bi-weekly earnings statements do not contain any information regarding the actual project or the specific work week that each payment relates to.[8]  A more precise calculation of the wages paid and hours paid could be performed by using data exported

---

[7] Overtime premiums paid by Versacom would not be included in the calculation of the regular rate of paid but would be included as a potential offset (i.e., credit) against any overtime or overtime premiums that may be due.
[8] When calculating the regular rate of pay, earnings should be analyzed on a work week basis where available.

A011

directly from the Defendants' system.[9]  Pay records on a project by project basis would provide the ability to match specific earnings and commissions with the work week in which they were actually earned.

30. Although the earnings reports show the actual number of hours paid, it may not reflect the actual number of hours worked by the Plaintiff.  Therefore, it is necessary to match the project related time records with the payroll payment amounts based on a more detailed payroll report generated from the Defendants' payroll system.

31. For purposes of this report, I have assumed that hourly, daily, and site earnings were paid in the pay period earned and that commissions were paid in the pay period following the pay period in which they were earned.  I have also assumed that, when the daily rate is greater than $200 per day, 50% of the daily earnings are considered to be per diem and are not included in my calculation of potential damages, and that when the daily rate is $200 or less per day, none of the daily earnings are considered to be per diem.  If additional project specific information is provided by the Defendant, I can update my analysis accordingly.

32. I have not included bonuses in my calculation of potential damages, as it is unclear if the bonuses are discretionary or non-discretionary.  As such, the total wages paid in a pay period include hourly earnings less overtime premiums, daily earnings, site earnings, and commissions.

**Regular Rate of Pay**

33. For pay periods where the Plaintiff was compensated on an hourly basis, I have calculated the regular rate of pay related to base pay as (a) total hourly earnings excluding amounts related to overtime premiums already paid divided by (b) all hours paid.  As instructed by counsel, I have used the stated hourly rate as the regular rate of pay for all hours worked, including unpaid hours, when the only form of payment was on an hourly basis.

34. For pay periods where the Plaintiff was compensated in two or more ways (i.e., hourly rate and/or daily rate and/or site rate), I have calculated the regular rate of pay related to base pay as (a) total hourly, daily, and site earnings excluding amounts related to overtime premiums already paid divided by (b) total hours worked as described above in paragraphs 22 - 27.

35. I have also calculated the regular rate of pay related to commission as (a) total commissions divided by (b) total hours worked as described above in paragraphs 22 - 27.

**Wages Due re: Overtime and Overtime Premiums**

36. For pay periods included in the damage analysis (as described above in paragraph 22) where the class member was compensated on an hourly basis, I have calculated overtime wages related to base pay that should have been paid as (a) the actual overtime hours worked multiplied by (b) one and one-half (1.5) times the applicable regular rate of pay.  I have also calculated overtime premium wages related to commission that should have been paid as (a) the actual overtime hours worked multiplied by (b) one-half (0.5) times the applicable regular rate of pay.  The resulting overtime and overtime premium wages that should have been paid have been compared to the amount of overtime actually paid by the Defendants, and any differences are considered unpaid overtime and overtime premium wages due.

---

[9] Almost all payroll database systems on the market today allow for the ability to generate either a custom report or provide standard predesigned reports that will provide the ability to export the following fields: employee name, employee id, the actual date worked (or work week), the number of units paid, the pay rate, and the total amount paid for each line item.

37. For pay periods included in the damage analysis where the class member was compensated in two or more ways (i.e., hourly rate and/or daily rate and/or site rate), I have calculated overtime premium wages related to base pay that should have been paid as (a) the actual overtime hours worked multiplied by (b) one-half (0.5) times the applicable regular rate of pay.  I have also calculated overtime premium wages related to commission that should have been paid as (a) the actual overtime hours worked multiplied by (b) one-half (0.5) times the applicable regular rate of pay.  The resulting overtime premium wages that should have been paid have been compared to the amount of overtime premiums actually paid by the Defendants, and any differences are considered unpaid overtime premium wages due.

**Interest on Wages Due and Liquidated Damages**

38. As a consequence of violating the FLSA, Defendants may also be subject to interest and liquidated damages, which would be based on the amount of wages due related to and unpaid overtime and overtime premium wages due.
39. I have calculated interest beginning six days after each pay period end date through July 9, 2016 at 5% simple interest.
40. I have calculated liquidated damages in an amount equal to the unpaid overtime and overtime premium wages due.

David Breshears

David Breshears, CPA/CFF
July 15, 2016

A013

# HEMMING MORSE, LLP

CERTIFIED PUBLIC ACCOUNTANTS,
FORENSIC AND FINANCIAL CONSULTANTS

www.hemming.com

## David M. Breshears, CPA/CFF

### Employment & Education

| | |
|---|---|
| 2012 – Present | **Hemming Morse, LLP** <br> *Certified Public Accountants,* <br> *Forensic and Financial Consultants* <br> Partner |
| 1999 – 2011 | **Hemming Morse, Inc.** <br> Director, 2011 <br> Manager, 2006-2010 <br> Associate <br> Staff Accountant |
| 1998 | **California State University, Chico** <br> B.S.  Accounting |

### Professional & Service Affiliations

- Certified Public Accountant,
  State of California, since 2006
- Certified in Financial Forensics, since 2008
- American Institute of Certified Public Accountants
- California Society of Certified Public Accountants
- Association of Certified Fraud Examiners
  (Associate Member)

page 1 of 5

**Walnut Creek Office**
1340 Treat Boulevard
Suite 209
Walnut Creek, CA 94597
Tel: 415.836.4000
Fax: 415.777.2062

A014

**H E M M I N G
M O R S E, L L P**

CERTIFIED PUBLIC ACCOUNTANTS,
FORENSIC AND FINANCIAL CONSULTANTS

www.hemming.com

# David M. Breshears, CPA/CFF

## Presentations & Seminars

- *"E-Discovery & Electronically Stored Information 101"*
  Beeson Tayer & Bodine, May 2013

- *"How to Collect, Produce, and Use E-Documents:
  A Practical Primer"*
  BASF - Labor & Employment Conference, Yosemite,
  February 2013

- *"Forensic Accounting for Today's Busiest Practice
  Areas"*
  Continuing Education of the Bar-California,
  March 2012

- *"Utilizing Experts in Wage and Hour Litigation"*
  Buchalter Nemer, July 2011

- *"Class Action Employment Litigation"*
  California Socity of Certified Public Accountants-
  State Steering Committee, August 2010

- *Adjunct Professor, Golden Gate University,
  Wage & Hour Damages, Spring 2009, Fall 2009,
  Spring 2010*

## Testimony

*Trial*

- **Honora Keller et al v. The Board of Trustees of
  California State University (2015)**
  Superior Court of the State of California
  County of San Francisco, Case No. CGC-09-490977

- **Amanda Quiles, et al v. Koji's Japan Incorporated,
  et al. (2014)**
  Superior Court of the State of California, County of
  Orange, Case No. 30-2010-00425532-CU-OE-CXC

- **Ming-Hsiang Kao v. Joy Holiday, Joy Express, Inc.,
  et al. (2014)**
  Superior Court of the State of California
  County of San Mateo, Case No. CIV509729

- **Salinas, et al. v. Imperial Irrigation District (2014)**
  Superior Court of the State of California
  City and County of Riverside, Case No. 10017367

- **Amerman v. Gurvinder Musafar (2013)**
  Superior Court of the State of California
  County of Santa Clara, Case No. 112CV226364

- **Michael J. Pexa v. Farmers Group, Inc. (2012)**
  Superior Court of the State of California
  County of Sacramento, Case No. 34-2009-00034950

- **Marina Puchalski and Rajeev Chhibber v. Taco
  Bell Corp. (2012)**
  Superior Court of the State of California
  County of San Diego, Case No. GIC 870429

- **Maria Martinez and Juana Guzman v. Jatco, Inc.
  (2011**)
  Superior Court of the State of California
  County of Alameda, Case No. RG08397316

page 2 of 5

**Walnut Creek Office**
1340 Treat Boulevard
Suite 209
Walnut Creek, CA 94597
Tel: 415.836.4000
Fax: 415.777.2062

A015

# HEMMING MORSE, LLP

CERTIFIED PUBLIC ACCOUNTANTS,
FORENSIC AND FINANCIAL CONSULTANTS

www.hemming.com

## David M. Breshears, CPA/CFF

### Testimony

#### Deposition

- **Daniel Villalpando v. Exel Direct Inc. (2016)**
  U.S. District Court, Northern District of California
  Case No. 3:12-cv-04137-JCS

- **Chris Elliott, et al. v. Schlumberger Technology Corporation (2016)**
  U.S. District Court, District Court of North Dakota,
  Fargo Division, Civil Action No. 3:13-cv-00079

- **Sanchez, et al. v. McDonald's Restaurants of California, Inc. (2015)**
  Superior Court of the State of California
  County of Los Angeles, Case No. BC499888

- **Betelhem Shiferaw v. Sunrise Senior Living Management, Inc. (2015)**
  U.S. District Court, Central District of California
  Case No. 2:13-cv-02171-JAK-PLA

- **Honora Keller et al v. The Board of Trustees of California State University (2015)**
  Superior Court of the State of California
  County of San Francisco, Case No. CGC-09-490977

- **Ming-Hsiang Kao v. Joy Holiday, Joy Express, Inc., et al. (2014)**
  Superior Court of the State of California
  County of San Mateo, Case No. CIV509729

- **Fraser, et al. v. Patrick O'Connor & Associates, L.P. (2014)**
  U.S. District Court, Southern District of Texas
  Case No. 4:11-cv-03890

- **Salinas, et al. v. Imperial Irrigation District (2014)**
  Superior Court of California, City and County of
  Riverside, Case No. 10017367

- **Smith, et al. v. Family Video Movie Club, Inc. (2013)**
  U.S. District Court, Northern District of Louisiana
  Case No. 1:11-cv-01773

- **Lang v. DirecTV, Inc. (2013)**
  U.S. District Court, Eastern District of Louisiana
  Case No. 2:10-cv-01085-NJB-SS

- **Sabas Arredondo, et al. v. Delano Farms Company, et al. (2013)**
  Eastern District of California, Fresno Division
  Case No. 1:09-cv-01247-LJO-DLB

- **Gabriel Fayerweather v. Comcast Corporation (2012)**
  Superior Court of the State of California
  County of San Diego, Case No. C-08-01470

- **Green v. Konica Minolta Business Solutions U.S.A., Inc. (2012)**
  U.S. District Court, Northern District of Illinois
  Eastern Division, Case No. 11-CV-03745 (N.D. Ill.)

- **Marina Puchalski and Rajeev Chhibber v. Taco Bell Corp. (May 2012)**
  Superior Court of the State of California
  County of San Diego, Case No. GIC 870429

- **Marina Puchalski and Rajeev Chhibber v. Taco Bell Corp. (April 2012)**
  Superior Court of the State of California
  County of San Diego, Case No. GIC 870429

- **Martin Marine v. Interstate Distributor Co. (2012)**
  Superior Court of the State of California
  County of Alameda, Case No. RG073582777

- **Maria Martinez and Juana Guzman v. Jatco, Inc. (2011)**
  Superior Court of the State of California
  County of Alameda, Case No. RG08397316

page 3 of 5

**Walnut Creek Office**
1340 Treat Boulevard
Suite 209
Walnut Creek, CA 94597
Tel: 415.836.4000
Fax: 415.777.2062

A016

# HEMMING MORSE, LLP

CERTIFIED PUBLIC ACCOUNTANTS,
FORENSIC AND FINANCIAL CONSULTANTS

www.hemming.com

# David M. Breshears, CPA/CFF

## Selected Case Experience

- Engaged as damage expert by plaintiff, to analyze and quantify; meal and rest period claims, improper distribution of gratuities, and off-the-clock hours, for an upscale restaurant chain.

- Engaged as damage expert by defendant, a farm labor contractor, to evaluate claims related to off-the-clock hours worked and expense reimbursement for small tools for over 20,000 employees.

- Engaged as neutral accounting expert by plaintiff and defendant to calculate potential unpaid hours worked and additional overtime premiums for commission bonuses, for a manufacturing/engineering firm.

- Expert for the plaintiff. Retained to determine the frequency and magnitude of time shaving claims of a mid-size manufacturing firm.

- Provided consulting services to defense counsel in a class-action wage and hour matter, which alleged that hundreds of County employees were paid improper overtime wages under the FLSA. Prepared analyses using hours worked records, compensation data, employee records, and other data to determine the proper calculation of employees' regular rate of pay and related overtime compensation.

- Assisted counsel in preparing a case involving unpaid overtime, meal and rest break violations, and off-the-clock time for an employee of a hotel chain. Reviewed employment history files, time records, and other documents to determine the number of potential violations and to quantify damages.

- Assisted expert for plaintiffs' counsel in a class-action wage and hour matter, which alleged that over 250 small business banking officers were improperly classified as exempt. Reviewed statistical sample of hours worked, salary and commission related earnings, paid time off records, and other data to determine the damages related to unpaid overtime and missed meal breaks.

- Assisted expert for plaintiffs' counsel in a class-action matter against a fortune 500 company, which alleged that a class of several hundred individuals was misclassified as independent contractors in the state of Washington. Prepared analysis of average earnings across all class members and performed comparison to national averages for similarly situated employees and independent businesses. Performed business valuation services to determine economic value of independent contractor assets and to incorporate any discounts that may apply related to the controls and requirements of the customer/employer operating agreement.

- Assisted expert for plaintiffs' counsel in a class-action matter against a Fortune 500 company, which alleged that over 75,000 California employees were required to pool their tips with supervisory employees in direct violation of the California Labor Code.

- Provided consulting services to plaintiffs' counsel in a class-action wage and hour matter, which alleged that hundreds of employees were not paid the proper "living wage" in accordance with the company's contractual obligation. Created a database of hours worked and earnings information from paper and electronic records, and then providing damages estimates based on a variety of assumptions and legal theories.

- Advised counsel on class certification issues by applying economic and statistical approaches to analyze evidence relating to class member variation, if any, and to determine both liability and damages.

- Consulted for Health Provider in a dispute involving a guaranteed maximum price contract for the construction of various structures. Assisted the expert in analyzing construction costs incurred and calculating the amount due to the general contractor.

page 4 of 5

**Walnut Creek Office**
1340 Treat Boulevard
Suite 209
Walnut Creek, CA 94597
Tel: 415.836.4000
Fax: 415.777.2062

A017

**HEMMING MORSE, LLP**

CERTIFIED PUBLIC ACCOUNTANTS,
FORENSIC AND FINANCIAL CONSULTANTS

Exhibit A
CURRICULUM VITAE

www.hemming.com

# David M. Breshears, CPA/CFF

### Selected Experience continued

- Performed statistical and contractual analysis for labor settlement or arbitration purposes, including analysis of pay and benefits, job content, productivity, labor costs, and profitability.

- Consulted clients in their efforts to identify overpayments of construction projects; discover errors and identify unreasonable project charges; identify weaknesses in contractual agreements; reduce risks of fraud, waste, and abuse; and recover payments made in error.

- Prepared financial analyses in connection with assignments involving fraud, contract disputes and lost profits.

- Performed extensive research for a variety of cases, including cases involving fraud, contract disputes, and lost profits.

- Created various databases and/or tested the accuracy of databases created by others in order to assimilate large amounts of information to be presented in a meaningful manner.

- Managed audit engagements from planning to reporting, including delegation and review of staff assignments and control of time and expenses.

- Prepared and examined financial reports including research and analysis of technical accounting issues.

- Analyzed client accounting systems and related controls and developed specific recommendations for improvements.

page 5 of 5

**Walnut Creek Office**
1340 Treat Boulevard
Suite 209
Walnut Creek, CA 94597
Tel: 415.836.4000
Fax: 415.777.2062

A018

**Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. v. Versacom, LLC; Muhammad Al-Amin; Afreen Al-Amin**
**Additional Documents**

| Count | Name | Claim Worksheet | Plaintiff Interrogatory Responses | Payroll Transaction Report | Paycheck Stubs | Time Sheets |
|---|---|---|---|---|---|---|
| 1 | Abdulha Akeem Rashad | X | X | X | X | X |
| 2 | Adam Cote | | X | X | X | X |
| 3 | Aly Mohamed | X | X | X | X | X |
| 4 | Andy Lam | | X | X | X | X |
| 5 | Anh Lam | | X | | | |
| 6 | Antonio Robinson | | X | | | |
| 7 | Ashraf Ahmed | | X | X | X | X |
| 8 | Benjamin Kittredge | | X | X | X | X |
| 9 | Blake Hall | X | X | X | X | X |
| 10 | Cecil Latimore | | X | X | X | X |
| 11 | Chris Blair | | X | X | X | X |
| 12 | Chris Blair, Sr | | X | X | X | X |
| 13 | Cody Smith | | X | X | X | X |
| 14 | Dedric Robinson | X | X | X | X | X |
| 15 | Dennis Swindle, Jr | | X | X | X | X |
| 16 | Don Nguyen | | X | X | X | X |
| 17 | Dung Hoang | X | X | X | X | X |
| 18 | Dustin Nguyen | X | X | X | X | X |
| 19 | Duy Dinh | X | X | X | X | X |
| 20 | Eden Ta | X | X | X | X | X |
| 21 | Edward Williams | X | X | X | X | X |
| 22 | Eric Sanders | | X | X | X | X |
| 23 | Faesal Hasan Akhtar | X | X | X | X | X |
| 24 | Fred Banks | | X | X | X | X |
| 25 | Gary Moore | X | X | X | X | X |
| 26 | Goldie Moore | X | X | X | X | X |
| 27 | Hieu Nguyen | | X | X | X | X |
| 28 | Hoan Bui | X | X | X | X | X |
| 29 | Huy Tran | | X | X | X | X |
| 30 | Jacquiline Alverado | X | X | X | X | X |
| 31 | Jaynoid Brumfield | X | X | X | X | X |
| 32 | Jeff Doerr | X | X | X | X | X |

**Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. v. Versacom, LLC; Muhammad Al-Amin; Afreen Al-Amin**
**Additional Documents**

| Count | Name | Claim Worksheet | Plaintiff Interrogatory Responses | Payroll Transaction Report | Paycheck Stubs | Time Sheets |
|---|---|---|---|---|---|---|
| 33 | John Le | X | X | X | X | X |
| 34 | Jonathan McCuller | | X | X | X | |
| 35 | Joshua Haley | | X | X | X | X |
| 36 | Julian Pham | X | X | X | X | X |
| 37 | Kevin McCall | | X | X | | |
| 38 | Khang Nguyen | X | X | X | X | X |
| 39 | Khary Sanders | | X | | | |
| 40 | Le Van Tran | | X | X | X | X |
| 41 | Lenard Paul | | X | X | X | X |
| 42 | Loc Tran | | X | | X | X |
| 43 | Loi Le | | X | | | |
| 44 | Marcellous Johnson | X | X | X | X | X |
| 45 | Michael Le | | X | X | X | X |
| 46 | Miguel Alarcon | | X | X | X | X |
| 47 | Minh Duong | X | X | X | X | X |
| 48 | Minh Nguyen | X | X | X | X | X |
| 49 | Mong Ho | X | X | X | X | X |
| 50 | Paulus Niekdam | | X | | X | X |
| 51 | Peter Le | X | X | | X | X |
| 52 | Phuc Luong | X | X | X | X | X |
| 53 | Phuoc Nguyen | X | X | X | X | X |
| 54 | Phuong Huynh | X | X | X | X | X |
| 55 | Phuong Khanh Le | X | X | X | X | X |
| 56 | Qui Nguyen | | X | X | X | X |
| 57 | Quoc Nguyen | | X | X | X | X |
| 58 | Richard McCauley | | X | X | X | X |
| 59 | Robb Stites | | X | | | |
| 60 | Saguan Haji | | X | X | | |
| 61 | Sang Vo | X | X | X | X | X |
| 62 | Scotty Pleasants | | X | X | X | X |
| 63 | Sky Nguyen | X | X | X | X | X |
| 64 | Thai Tran | X | X | X | X | X |

**Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. v. Versacom, LLC; Muhammad Al-Amin; Afreen Al-Amin**
**Additional Documents**

| Count | Name | Claim Worksheet | Plaintiff Interrogatory Responses | Payroll Transaction Report | Paycheck Stubs | Time Sheets |
|---|---|---|---|---|---|---|
| 65 | Thanh (Dustin) Vu | X | X | X | X | X |
| 66 | Tommy Nguyen | | X | | X | X |
| 67 | Tony Bui | X | X | X | X | X |
| 68 | Tuan Bui | | X | X | X | X |
| 69 | Tuan Ngo | X | X | X | X | X |
| 70 | Tue Chau Nguyen | X | X | X | X | X |
| 71 | Vinny Pham | X | X | X | X | X |
| 72 | Vu Le | X | X | X | X | X |
| 73 | Vuong Duong | X | X | X | X | X |

**Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. v. Versacom, LLC; Muhammad Al-Amin; Afreen Al-Amin**
Summary of Potential Overtime Wages Due, Interest, and Liquidated Damages

| Employee | Min of Begin Pay Period | Max of End Pay Period | Estimated Overtime Pay (@1.5) or Overtime Premium Pay (@0.5) | Estimated Overtime Premium Pay re: Commission | Total Estimated Overtime Pay or Overtime Premium Pay | Overtime or Overtime Premiums Paid | Estimated Overtime or Overtime Premium Due | Interest at 5% (thru 7-9-16) | Liquidated Damages | Total Overtime Wages Due, Interest, and Liquidated Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| Aly Mohamed | 4/3/2011 | 3/30/2013 | $14,317.98 | $0.00 | $14,317.98 | $90.00 | $14,227.98 | $3,359.55 | $14,227.98 | $31,815.50 |
| Dedric B Robinson | 10/12/2014 | 11/22/2014 | $4,500.00 | $0.00 | $4,500.00 | $2,497.05 | $2,002.95 | $167.40 | $2,002.95 | $4,173.30 |
| Dung (Alex) Hoang | 11/25/2012 | 9/14/2013 | $20,691.42 | $0.00 | $20,691.42 | $9,393.00 | $11,298.42 | $1,881.73 | $11,298.42 | $24,478.57 |
| Duy Q Dinh | 5/27/2012 | 11/10/2012 | $3,103.52 | $0.00 | $3,103.52 | $0.00 | $3,103.52 | $584.37 | $3,103.52 | $6,791.42 |
| Eden H Ta | 8/5/2012 | 4/27/2013 | $28,556.09 | $0.00 | $28,556.09 | $28,386.00 | $4,768.10 | $860.15 | $4,768.10 | $10,396.34 |
| Faisal H Akhtar | 7/24/2011 | 9/17/2011 | $1,616.72 | $0.00 | $1,616.72 | $0.00 | $1,616.72 | $393.95 | $1,616.72 | $3,627.40 |
| Hoan D Bui | 6/26/2011 | 4/27/2013 | $47,801.31 | $6,534.29 | $54,335.60 | $15,830.50 | $38,505.10 | $7,799.65 | $38,505.10 | $84,809.85 |
| Jacqueline Alvarado | 6/22/2014 | 9/13/2014 | $718.13 | $0.00 | $718.13 | $412.50 | $305.63 | $28.26 | $305.63 | $639.51 |
| Jaynoid O Brumfield | 2/16/2014 | 10/11/2014 | $4,512.24 | $0.00 | $4,512.24 | $2,443.98 | $2,305.46 | $240.66 | $2,305.46 | $4,851.58 |
| Jeffrey Doerr | 12/12/2010 | 10/15/2011 | $15,484.41 | $107.33 | $15,591.74 | $437.00 | $15,154.74 | $3,958.76 | $15,154.74 | $34,268.24 |
| Julian A Pham | 10/16/2011 | 10/29/2011 | $1,890.00 | $0.00 | $1,890.00 | $0.00 | $1,890.00 | $445.57 | $1,890.00 | $4,225.57 |
| Khang H Nguyen | 2/6/2012 | 3/3/2012 | $956.83 | $0.00 | $956.83 | $0.00 | $956.83 | $248.89 | $956.83 | $2,162.55 |
| Marcellous Johnson | 10/26/2014 | 1/3/2015 | $4,448.17 | $0.00 | $4,448.17 | $1,843.80 | $2,604.38 | $205.78 | $2,604.38 | $5,414.54 |
| Minh D Nguyen | 6/22/2014 | 9/27/2014 | $2,771.68 | $0.00 | $2,771.68 | $3,660.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Mong Ho | 1/6/2013 | 4/27/2013 | $4,906.98 | $0.00 | $4,906.98 | $2,430.00 | $3,246.48 | $550.92 | $3,246.48 | $7,043.88 |
| Peter Le | 7/8/2012 | 4/27/2013 | $41,114.50 | $0.00 | $41,114.50 | $2,470.05 | $38,644.45 | $7,213.82 | $38,644.45 | $84,502.72 |
| Phuc Q Luong | 8/5/2012 | 11/10/2012 | $4,706.48 | $0.00 | $4,706.48 | $1,095.00 | $3,611.48 | $682.43 | $3,611.48 | $7,905.39 |
| Phuoc (Benny) L. Nguyen | 3/3/2013 | 5/11/2013 | $851.09 | $0.00 | $851.09 | $0.00 | $851.09 | $139.09 | $851.09 | $1,841.26 |
| Phuong K Le | 9/4/2011 | 4/27/2013 | $79,164.60 | $0.00 | $79,164.60 | $9,209.25 | $69,955.35 | $12,910.97 | $69,955.35 | $152,821.67 |
| Phuong M Huynh | 9/2/2012 | 9/15/2012 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sky Nguyen | 9/30/2012 | 4/13/2013 | $13,573.17 | $0.00 | $13,573.17 | $2,693.25 | $10,879.92 | $1,889.15 | $10,879.92 | $23,648.99 |
| Thai Q Tran | 8/19/2012 | 4/13/2013 | $18,740.60 | $0.00 | $18,740.60 | $5,528.25 | $13,212.35 | $2,338.67 | $13,212.35 | $28,763.38 |
| Thanh (Dustin) D Vu | 5/27/2012 | 3/30/2013 | $18,903.13 | $0.00 | $18,903.13 | $1,420.00 | $17,483.13 | $3,269.94 | $17,483.13 | $38,236.20 |
| Tony A Bui | 8/19/2012 | 4/13/2013 | $21,261.85 | $0.00 | $21,261.85 | $6,075.00 | $15,591.85 | $2,768.37 | $15,591.85 | $33,952.08 |
| Tuan A Ngo | 3/3/2013 | 4/27/2013 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Tue Van (Chau) Nguyen | 8/5/2012 | 4/27/2013 | $9,015.46 | $0.00 | $9,015.46 | $1,189.29 | $7,826.17 | $1,419.14 | $7,826.17 | $17,071.48 |
| Vu T Le | 8/5/2012 | 3/30/2013 | $20,187.70 | $0.00 | $20,187.70 | $4,263.00 | $15,924.70 | $2,980.81 | $15,924.70 | $34,830.22 |
| Vuong B Duong | 6/10/2012 | 2/2/2013 | $7,785.47 | $0.00 | $7,785.47 | $5,602.50 | $3,007.97 | $567.54 | $3,007.97 | $6,583.49 |
| Grand Total | 12/12/2010 | 1/3/2015 | $391,579.54 | $6,641.63 | $398,221.17 | $106,969.42 | **$298,974.79** | **$56,905.58** | **$298,974.79** | **$654,855.15** |

A022

Exhibit 2

**Tommy Nguyen, Paulus Niekdam, and Loc Tran, et al. v. Versacom, LLC; Muhammad Al-Amin; Afreen Al-Amin**
Summary of Potential Overtime Wages Due, Interest, and Liquidated Damages
Based on Earlier of Opt-In Date or Motion to Compel Date

| Employee | Min of Begin Pay Period | Max of End Pay Period | Estimated Overtime Pay (@1.5) or Overtime Premium Pay (@0.5) | Estimated Overtime Premium Pay re: Commission | Total Estimated Overtime Pay or Overtime Premium Pay | Overtime or Overtime Premiums Paid | Estimated Overtime or Overtime Premium Due | Interest at 5% (thru 7-9-16) | Liquidated Damages | Total Overtime Wages Due, Interest, and Liquidated Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| Abdul-Hakeem Rashad (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Aly Mohamed | 4/3/2011 | 3/30/2012 | $14,317.98 | $0.00 | $14,317.98 | $90.00 | $14,227.98 | $3,359.55 | $14,227.98 | $31,815.50 |
| Blake A Hall | 9/18/2011 | 10/15/2011 | $773.21 | $0.00 | $773.21 | $0.00 | $773.21 | $185.09 | $773.21 | $1,731.51 |
| Dedric B Robinson | 10/12/2014 | 11/22/2014 | $4,500.00 | $0.00 | $4,500.00 | $2,497.05 | $2,002.95 | $167.40 | $2,002.95 | $4,173.30 |
| Dung (Alex) Hoang | 11/25/2012 | 9/14/2013 | $20,691.42 | $0.00 | $20,691.42 | $9,393.00 | $11,298.42 | $1,881.73 | $11,298.42 | $24,478.57 |
| Dustin Nguyen | 9/18/2011 | 12/24/2011 | $8,882.48 | $0.00 | $8,882.48 | $10,815.00 | $145.95 | $34.49 | $145.95 | $326.39 |
| Duy Q Dinh | 5/27/2012 | 11/10/2012 | $3,103.52 | $0.00 | $3,103.52 | $0.00 | $3,103.52 | $584.37 | $3,103.52 | $6,791.42 |
| Eden H Ta | 8/5/2012 | 4/27/2013 | $28,556.09 | $0.00 | $28,556.09 | $28,386.00 | $4,768.10 | $860.15 | $4,768.10 | $10,396.34 |
| Edward Williams (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Faisal H Akhtar | 7/24/2011 | 9/17/2011 | $1,616.72 | $0.00 | $1,616.72 | $0.00 | $1,616.72 | $393.95 | $1,616.72 | $3,627.40 |
| Gary N Moore (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Goldie W Moore (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Hoan D Bui | 6/26/2011 | 4/27/2013 | $47,801.31 | $6,534.29 | $54,335.60 | $15,830.50 | $38,505.10 | $7,799.65 | $38,505.10 | $84,809.85 |
| Jacqueline Alvarado | 6/22/2014 | 9/13/2014 | $718.13 | $0.00 | $718.13 | $412.50 | $305.63 | $28.26 | $305.63 | $639.51 |
| Jaynoid O Brumfield | 2/16/2014 | 10/11/2014 | $4,512.24 | $0.00 | $4,512.24 | $2,443.98 | $2,305.46 | $240.66 | $2,305.46 | $4,851.58 |
| Jeffrey Doerr | 12/12/2010 | 10/15/2011 | $15,484.41 | $107.33 | $15,591.74 | $437.00 | $15,154.74 | $3,958.76 | $15,154.74 | $34,268.24 |
| John H Le (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Julian A Pham | 10/16/2011 | 10/29/2011 | $1,890.00 | $0.00 | $1,890.00 | $0.00 | $1,890.00 | $445.57 | $1,890.00 | $4,225.57 |
| Khang H Nguyen | 2/6/2011 | 3/3/2012 | $956.83 | $0.00 | $956.83 | $0.00 | $956.83 | $248.89 | $956.83 | $2,162.55 |
| Marcellous Johnson | 10/26/2014 | 1/3/2015 | $4,448.17 | $0.00 | $4,448.17 | $1,843.80 | $2,604.38 | $205.78 | $2,604.38 | $5,414.54 |
| Minh D Nguyen | 6/22/2014 | 9/27/2014 | $2,771.68 | $0.00 | $2,771.68 | $3,660.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Minh V Duong (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Mong Ho | 1/6/2013 | 4/27/2013 | $4,906.98 | $0.00 | $4,906.98 | $2,430.00 | $3,246.48 | $550.92 | $3,246.48 | $7,043.88 |
| Peter Le | 7/8/2012 | 4/27/2013 | $41,114.50 | $0.00 | $41,114.50 | $2,470.05 | $38,644.45 | $7,213.82 | $38,644.45 | $84,502.72 |
| Phuc Q Luong | 8/5/2012 | 11/10/2012 | $4,706.48 | $0.00 | $4,706.48 | $1,095.00 | $3,611.48 | $682.43 | $3,611.48 | $7,905.39 |
| Phuoc (Benny) L. Nguyen | 3/3/2013 | 5/11/2013 | $851.09 | $0.00 | $851.09 | $0.00 | $851.09 | $139.09 | $851.09 | $1,841.26 |
| Phuong K Le | 9/4/2011 | 4/27/2013 | $79,164.60 | $0.00 | $79,164.60 | $9,209.25 | $69,955.35 | $12,910.97 | $69,955.35 | $152,821.67 |
| Phuong M Huynh | 9/2/2012 | 9/15/2012 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sang V Vo (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sky Nguyen | 9/30/2012 | 4/13/2013 | $13,573.17 | $0.00 | $13,573.17 | $2,693.25 | $10,879.92 | $1,889.15 | $10,879.92 | $23,648.99 |
| Thai Q Tran | 8/19/2012 | 4/13/2013 | $18,740.60 | $0.00 | $18,740.60 | $5,528.25 | $13,212.35 | $2,338.67 | $13,212.35 | $28,763.38 |
| Thanh (Dustin) D Vu | 9/18/2011 | 3/30/2013 | $51,672.76 | $0.00 | $51,672.76 | $20,048.75 | $31,624.01 | $6,506.48 | $31,624.01 | $69,754.51 |
| Tony A Bui | 8/19/2012 | 4/13/2013 | $21,261.85 | $0.00 | $21,261.85 | $6,075.00 | $15,591.85 | $2,768.37 | $15,591.85 | $33,952.08 |
| Tuan A Ngo | 3/3/2013 | 4/27/2013 | $9,015.46 | $0.00 | $9,015.46 | $1,189.29 | $7,826.17 | $1,419.14 | $7,826.17 | $17,071.48 |
| Tue Van (Chau) Nguyen | 8/5/2012 | 4/27/2013 | $9,015.46 | $0.00 | $9,015.46 | $1,189.29 | $7,826.17 | $1,419.14 | $7,826.17 | $17,071.48 |
| Vinny T Pham (*) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Vu T Le | 8/5/2012 | 3/30/2013 | $20,187.70 | $0.00 | $20,187.70 | $4,263.00 | $15,924.70 | $2,980.81 | $15,924.70 | $34,830.22 |
| Vuong B Duong | 6/10/2012 | 2/2/2013 | $7,785.47 | $0.00 | $7,785.47 | $5,602.50 | $3,007.97 | $567.54 | $3,007.97 | $6,583.49 |
| **Grand Total** | **12/12/2010** | **1/3/2015** | **$434,004.86** | **$6,641.63** | **$440,646.49** | **$136,413.17** | **$314,034.83** | **$60,361.69** | **$314,034.83** | **$688,431.36** |

* These employees have pay periods included in the damage analysis that fell outside the statute of limitations or do not have pay periods that were included in the damage analysis.

A023